Eric Wayne FERGUSON  *v.*  STATE of Arkansas

CR 05–115                                          210 S.W.3d 53

Supreme Court of Arkansas
Opinion delivered June 9, 2005

*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. This case comes before our court on petition for review by the State from a decision by the Arkansas Court of Appeals reversing Appellant Eric Ferguson's conviction for possession of firearms pursuant to Ark. Code Ann. § 5-73-103(a)(1)(Supp. 2001). By criminal information, Mr. Ferguson was charged with two counts of aggravated assault and one count of possession of firearms by a convicted felon. The State alleged that Mr. Ferguson, who had previously been convicted of aggravated assault, had used a gun to threaten two Rentwise employees when they came to his house to repossess furniture. To prove that Mr. Ferguson was a member of the class of persons prohibited from owning a firearm pursuant to Ark. Code Ann. § 5-73-103(a)(1) (Supp. 2001), the State intended to introduce the record of Ferguson's previous assault conviction. Mr. Ferguson filed a motion in limine, offering to stipulate that he was an individual not allowed to possess a weapon and requesting that the State be prohibited from introducing

the specific details of the felony. The circuit court denied the motion, and the State eventually introduced a certified copy of the conviction into evidence.

Mr. Ferguson was convicted of two counts of aggravated assault and possession of a firearm by certain persons and sentenced to concurrent sentences of four years' imprisonment for each count of aggravated assault and eighteen years' imprisonment for possession of a firearm by certain persons. The Court of Appeals reversed the conviction, citing with approval *Old Chief v. United States*, 519 U.S. 172 (1997). The State filed a petition for review, which was granted by this court. Jurisdiction is proper pursuant to Ark. R. Sup. Ct. 1-2(e)(2004).

■ ■ The issue now before the court is whether a defendant can stipulate or admit to his status as a member of the class of individuals not allowed to possess a firearm and prohibit the State from introducing evidence detailing the nature of the conviction. At the outset, we acknowledge that the State has the right and, for that matter, the duty to attempt to prove every element of the offense. *See, e.g., Combs v. State.* 270 Ark. 496, 606 S.W.2d 61 (1980). Generally, the State has discretion to introduce any relevant evidence to prove its case as conclusively as it can. *Bledsoe v. State*, 344 Ark. 86, 39 S.W.3d 760 (2001). However, relevant evidence is not necessarily admissible; if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, the evidence may be excluded under Rule 403 of the Arkansas Rules of Evidence. In this case, Mr. Ferguson argues that, in light of his offer to stipulate, the State's introduction of the certified copy of his conviction was unfairly prejudicial and should have been excluded.

■ Mr. Ferguson suggests that this issue is one of first impression in Arkansas. He argues that we should follow the rule announced in *Old Chief v. United States*, 519 U.S. 172 (1997), where the United States Supreme Court, interpreting the Federal Rules of Evidence, held that the danger of unfair prejudice which resulted from the introduction of evidence detailing the nature of the underlying conviction was too great when the defendant offered to stipulate to his status as a convicted felon. In *Old Chief, supra*, the Supreme Court was faced with facts remarkably similar to those at issue here. In that case, the appellant was convicted of violating 18 U.S.C. § 922(g)(1), which prohibits possession of a firearm by anyone with a prior felony conviction. He offered to

stipulate to the prior-conviction element and argued that this stipulation made any evidence concerning the nature or name of his prior offense inadmissible as more prejudicial than probative under Fed. R. Evid. 403 (2004). The government refused to join the stipulation, arguing that it had the right to present its own evidence of the conviction, and the district court agreed. The Supreme Court reversed, holding that the district court abused its discretion under Rule 403 by refusing to accept the defendant's offer to stipulate to the conviction and allowing the full judgment record to be admitted. In so holding, the Court noted that, in cases where the status of the defendant as a convicted felon is at issue, evidence concerning the nature or name of the previous conviction is most certainly relevant evidence, but such evidence is also highly likely to induce unfair prejudice. *Id.* at 180. The Court further noted that, in the unique situation where the prosecution seeks to introduce evidence of a prior conviction to prove the element of a felony conviction in a felon-in-possession-of-firearms case, and a defendant offers to stipulate or admit the previous conviction,

> there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence. For purposes of the Rule 403 weighing of the probative against the prejudicial, the functions of the competing evidence are distinguishable only by the risk inherent in the one and wholly absent from the other.

*Id.* at 191.

█ Numerous courts from other states have followed similar logic when addressing this issue. *See, e.g., People v. Walker,* 211 Ill. 2d 317, 812 N.E.2d 339 (2004); *Carter v. Maryland,* 374 Md. 693, 824 A.2d 123 (2003); *State v. James,* 81 S.W.3d 751 (Tenn. 2002); *State v. Lee,* 266 Kan. 804, 977 P.2d 263 (1999); *Brown v. State,* 719 So. 2d 882 (Fla. 1998); *see also State v. Alexander,* 214 Wis. 2d 628, 571 N.W.2d 662 (1997). For example, the Florida Supreme Court decided a case where the defendant was convicted of being a felon in possession of a firearm. *Brown v. State,* 719 So. 2d 882 (Fla. 1998). At trial, the defendant offered to stipulate to his status as a convicted felon, but the State was nevertheless allowed to present certified copies of two prior

convictions to prove the "convicted felon" element of the crime. The Florida Supreme Court reversed, recognizing the rationale from *Old Chief*. Additionally, despite the fact that *Old Chief* did not expressly espouse a *per se* rule of law requiring courts to accept stipulations of convicted-felon status over proof in felon-in-possession cases, the Florida court implemented such a *per se* rule, stating:

> In view of the limited purpose for which evidence of prior convictions in felon-in-possession cases is offered, trial and appellate courts should be relieved of making discrete and subjective value judgments in dealing with what should be a routine submission of prior felony conviction evidence. While there is obviously some risk of prejudice inherent in establishing that a defendant is a convicted felon, our concern here is in dealing with the additional and unnecessary risk of prejudice that comes with disclosure of the number or nature of the prior convictions.

*Id.* at 888. Courts in Tennessee, Kansas, Maryland and Wisconsin have taken a similar approach. *See State v. James, supra; State v. Lee, supra; Carter v. Maryland, supra; State v. Alexander, supra.*

The State argues that we have previously decided this issue in the case of *Combs v. State*, 270 Ark. 496, 606 S.W.2d 61 (1980), and that the *Combs* decision should control this case. We are not persuaded by this argument. First, as the *Combs* case did not involve a bifurcated trial, the evidence of the prior conviction was relevant to the determination of sentence. Circuit courts still have discretion to admit evidence concerning the nature of a conviction if it is relevant to an issue in the case other than the defendant's status as a convicted felon. The Supreme Court of Wyoming addressed this issue in the case of *Benson v. State*, 640 P.2d 83 (Wyo. 1982). In that case, after being informed of a warrant for the appellant's arrest, a police officer pulled the appellant over and asked if he possessed any weapons. The appellant replied that he did not, but the police officer was aware that he had previously been convicted for taking a shot with a shotgun at another police officer. During the arrest, the appellant requested permission to drive his car to his mother's house, but the officer declined that request. At that point, the appellant hurried toward the car, ostensibly to lock it. The police officer, unsure of what the appellant was going to do, began struggling with him to keep him from entering the car. The officer eventually succeeded in arresting the appellant and, in the process of a pat down search and

search of his car, located a .22 caliber revolver. At trial, the court allowed the police officer to testify to the crimes for which the appellant had been previously convicted. On appeal, the Wyoming Supreme Court approved the decision of the trial court, stating:

> [T]he district court ruled that the police officer should be allowed to answer the question because the fact that appellant had been convicted of aggravated assault with a firearm, together with the fact that the arresting officer in this case knew that the complaint upon which the warrant was based alleged appellant had a gun, operated to show why the arresting officer acted as he did when he stopped appellant.

*Id.* at 85. As the Wyoming opinion demonstrates, in some cases, the name and nature of the previous conviction will be relevant to an issue in the case other than the defendant's status as a convicted felon. In such cases, Rule 403 will not bar the introduction of the State's evidence, despite the defendant's admission or offer to stipulate.

■ *Combs* is also distinguishable from the case at hand because the defendant in that case did not offer to stipulate or admit that he was a convicted felon. Some courts have refused to apply the *Old Chief* rationale when the defendant fails to make an explicit admission. For example, the Supreme Court of Tennessee addressed a strikingly similar deficiency in an earlier Tennessee decision in *State v. James*, 81 S.W.3d 751 (Tenn. 2002); *see also* Comment, *The Undoing of Old Chief: Harmless Error and Felon-in-possession-of-firearm Cases,* 48 U. Kan. L. Rev. 431 (1999). In that case, where the Tennessee court adopted the reasoning of *Old Chief,* the court noted in a footnote that they were not overruling a previous case:

> We note that in *Wingard,* there is no evidence that the defendant offered to stipulate to his prior convictions. Accordingly, we find that the decision in *Wingard* remains good law in those situations where the defendant *does not offer to stipulate to his or her prior offenses.*

*State v. James,* 81 S.W.3d at 763 (emphasis in original). In this case, Mr. Ferguson did offer to stipulate to his status as a convicted felon, and thus, *Combs* does not control.

■ As a final note, the fact that Mr. Ferguson did not offer to stipulate to a *violent* felony is irrelevant to our analysis. The question of whether the previous felony is violent is decided by the

judge as a matter of law and not submitted to the jury. *See* AMI Crim. 2d. 7302 (2002). Thus, the violent nature of the felony was not an essential element that the prosecution had to prove to the jury; it merely had to be demonstrated to the judge, which could have been done by publishing the certified conviction to the judge, but not to the jury.

■ We are persuaded by the rationale in *Old Chief* and the many state cases cited earlier. While the right of the State to prove its case is important, this right must be balanced against the right of the defendant to a trial free from unfair prejudice. In the narrow sphere of felon-in-possession-of-a-firearm cases, the prejudicial impact of evidence on the nature of the prior crime offered merely to prove the convicted-felon-status element cannot be controverted. The Supreme Court of Tennessee expressed a similar view in the *James* case: "There can be little doubt that a trier of fact will view an individual with a substantial criminal history as more likely to have committed a crime than an individual with little or no past criminal history." *State v. James,* 81 S.W.3d 751, 762 (Tenn. 2002). The Tennessee court further noted,

> [A] real possibility exists that the jury could be overwhelmed by the sheer volume of prejudicial evidence and that the jury could be tempted to convict based upon the defendant's propensity to commit crimes rather than convict solely upon evidence relating to the charged offense.

*Id.* In contrast, if the defendant has offered to stipulate or admit his status as a convicted felon, additional evidence relating to the name and nature of his prior conviction has minimal probative impact. As noted by the Florida Supreme Court, "In the absence of a dispute that the prior conviction was indeed a felony, such an admission can only prejudice the jury with absolutely no countervailing interest in its support." *Brown v. State,* 719 So. 2d at 886 (citing *Williams v. State,* 492 So. 2d 1051 (1986) (Barkett, J., concurring specially)). We believe this argument is convincing.

■ Accordingly, we adopt the holding in the Florida case that when a criminal defendant offers to stipulate or admit to the convicted-felon element of the felon-in-possession-of-a-firearm charge, the circuit court must accept that stipulation or admission, conditioned by an on-the-record colloquy with the defendant acknowledging the underlying prior felony conviction and acced-

ing to the stipulation or admission. *Brown v. State*, 719 So. 2d 882, 884 (Fla. 1998). The State should also be allowed to place into evidence, for record purposes only, the actual judgment and sentence of the previous conviction used to substantiate the prior-convicted-felon element of the charge. *Id.* The judge may thereafter instruct the jury that it can consider the convicted-felon-status element of the crime as proven. *Id.* at 889.

For the above-stated reasons, we reverse and remand.

HANNAH, C.J., concurs.

JIM HANNAH, Chief Justice, concurring. I concur in the result reached by the majority, but I write separately. I believe that what is at issue is whether a criminal defendant may make a judicial admission that he or she is a convicted felon in a trial on possession of a firearm by certain persons and thereby make evidence of the specific nature of the felony inadmissible in the guilt phase of the trial. I further believe that the use of the term "stipulation" by the parties and the majority is in error.

A stipulation is "[a] voluntary agreement between opposing parties." *Black's Law Dictionary* 1455 (8th ed. 2004). *See also Dinwiddie v. Syler*, 230 Ark. 405, 323 S.W.2d 548 (1959). I do not believe that the State may be compelled to enter into an agreement with a criminal defendant.

An admission is an acknowledgment or concession of a fact that tends to prove guilt. *People v. Zichko*, 118 Cal. App. 4th 1055, 13 Cal. Rptr. 3d 509 (2004). In this case, Ferguson was willing to admit to the court that he was a convicted felon. The jury could have been instructed that Ferguson was a convicted felon, and that they were not to consider the issue.

An admission may be to a fact rather than to the crime and all its elements. In other words, an admission is not necessarily a confession that would justify conviction on the crime charged; rather, it goes to prove a fact that is necessary to prove guilt. *State v. Litton,* 161 S.W.3d 447 (Tenn. Ct. App. 2004). Further, a judicial admission is a formal declaration made in the course of judicial proceedings for the purpose of dispensing with proof of facts. *People v. Backus*, 952 P.2d 846 (Col. Ct. App. 1998). A judicial admission withdraws a particular fact from the realm of dispute. *State v. McWilliams*, 177 W. Va. 369, 352 S.E.2d 120 (1986); *see also Kelly v. State*, 623 S.W.2d 65 (Mo. Ct. App. 1981).

There is no doubt that as the State argues, it is entitled to prove its case as conclusively as it can. *Jones v. State*, 349 Ark. 331, 78 S.W.3d 104 (2002). However, what the State may use to obtain its conviction is obviously limited to relevant evidence. In this case, the crime requires proof that Ferguson has a prior felony conviction. The degree or nature of that conviction is only relevant to the jury in sentencing and should only be admitted in the sentencing phase. The judgment and commitment order certainly is proof of the prior conviction. However, it also contains evidence regarding the nature and severity of the prior felony that is not relevant to guilt. In this case, where the underlying felony is similar to the assaults being tried, the risk of prejudice is great. Redaction of irrelevant information on the judgment is not at issue in this case because redaction was not raised or argued. If the only evidence of the proper conviction were the judgment, an analysis under Ark. R. Evid. 403 might lean toward admission because it is the only probative evidence of the felony. However, if there is other evidence that only reveals to the jury in the guilt phase that the element of a prior felony is met, it is clearly preferable. Ferguson offered to admit to the court that he was a convicted felon. That provided the evidence that the State needed to prove its case. *Old Chief v. U.S.*, 519 U.S. 172 (1997), and the case's interpretation of the issue under Fed. R. Evid. 403 is consistent with this position that the evidence of the specifics of the underlying crime should not be admitted.

*Combs v. State*, 270 Ark. 496, 606 S.W.2d 61 (1980), is not controlling. First, it must be distinguished because it applies old law. *Combs* was decided before bifurcated trials were required. *Combs* does correctly note that the nature of the crime is relevant on sentencing, which it is, but that evidence now must come in during the sentencing phase. Ark. Code Ann. § 5-4-103 (Repl. 1997). I concur in the decision that this case must be reversed and remanded for a new trial.