Raymond ANDERSON, Jr., Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Nos. 2006–SC–000563–MR,
2006–SC–000894–TG.

Supreme Court of Kentucky.

Jan. 22, 2009.

Rehearing Denied May 21, 2009.

Shelly R. Fears, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, Counsel for Appellant.

Jack Conway, Attorney General of Kentucky, Henry Albert Flores, Jr., Assistant Attorney General, Office of Attorney General, Office of Criminal Appeals, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Chief Justice MINTON.

## I. *INTRODUCTION.*

Nearly twelve years ago, the United States Supreme Court held in *Old Chief v. United States*[1] that a trial court abused its discretion when it refused to permit a criminal defendant charged with being a felon in possession of a firearm to concede to having a previous felony conviction.[2] The prosecution had refused to join in a stipulation.[3] After *Old Chief* was rendered, we have hinted that it may apply to cases in Kentucky state courts;[4] but, until today, we have not had occasion squarely to determine whether to adopt the rationale of *Old Chief.* After careful deliberation, we adopt what we perceive to be the limited holding of *Old Chief:* a defendant charged with being a felon in possession of a firearm may stipulate to having a prior felony conviction, even without the Commonwealth's consent.

## II. *FACTUAL AND PROCEDURAL HISTORY.*

The facts relevant to these appeals are simple and largely uncontested. Responding to a call about a suspicious vehicle, a police officer encountered Raymond Anderson, Jr., who was sitting in a parked car. After running a records check, the officer discovered that Anderson was wanted on an outstanding warrant. So the officer arrested Anderson and, searching incident to that arrest, found a gun in a compact disc carrier located in the front floorboard. Anderson told the arresting officer that the gun was not his and that he had dropped off a friend, Robert Bucher, nearby and was merely awaiting Bucher's return.

Anderson was indicted for possession of a firearm by a convicted felon, carrying a concealed deadly weapon, possession of drug paraphernalia while in possession of a firearm, and of being a persistent felony offender in the first degree (PFO I). The possession of a firearm and PFO I charges progressed to a jury trial.[5]

Shortly after opening statements, but before the calling of witnesses, the Commonwealth sought to introduce a certified judgment showing Anderson's earlier felony convictions for receiving stolen property and escape in the second degree. In response, Anderson offered to stipulate to his status as a convicted felon, arguing that disclosing the specific nature of his

---

1. 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)

2. *Id.* at 174–75, 117 S.Ct. 644.

3. *Id.* at 177, 117 S.Ct. 644.

4. *See Dickerson v. Commonwealth*, 174 S.W.3d 451, 463 (Ky.2005) (holding in case involving charges of possession of a handgun by a convicted felon the trial court erred by not redacting from judgment of conviction of previous felonies a recitation that crimes defendant was convicted for had been amended before permitting judgment to be shown to jury because "[o]f course, Appellant could have avoided the admission of either judgment by simply stipulating to the convictions. *Old Chief v. United States*, 519 U.S. 172, 190–91, 117 S.Ct. 644, 136 L.Ed.2d 574, (1997)

(where prior conviction was relevant only to prove the element of defendant's status as a convicted felon and defendant offered to stipulate to that fact, trial court abused discretion by permitting government to prove the nature of the offense over defendant's objection). If Appellant could have avoided introduction of the judgment by stipulating that he was a convicted felon, clearly he was entitled to have redacted from the judgment information from which the jury could deduce that he committed far greater offenses than those of which he was convicted.") (footnote omitted).

5. A notation in the circuit court's written record recites that the other charges were to be tried on a different date.

felony convictions to the jury would be overly prejudicial. The trial court, ultimately, refused to let Anderson concede to the convictions; and the Commonwealth was permitted to introduce the judgment containing the receiving stolen property and escape convictions.

At trial, the Commonwealth presented the arresting officer's testimony of how he had discovered the gun in the car, as well as Anderson's denial of ownership, or even knowledge, of the gun. The arresting officer also testified that Bucher had stated to him that he had seen Anderson carrying the compact disc case when he (Bucher) picked Anderson up from work. Bucher himself similarly testified that Anderson had brought the compact disc case into the car but that he (Bucher) had not seen a gun in the case when he flipped through it to see the compact discs. Bucher also testified that he had not seen the gun and does not own a gun. The Commonwealth also called another officer, who testified that the car contained numerous items of Bucher's personal property. In response, Anderson testified that he had been left in the vehicle while Bucher went to search for his girlfriend; but he denied having a gun or knowing about the gun's presence in the car.

The jury convicted Anderson of possession of a firearm by a convicted felon and of being a PFO I. The jury recommended that Anderson be sentenced to five years'

imprisonment on the possession of a firearm charge, enhanced to twenty years' imprisonment by virtue of the PFO I conviction. The trial court sentenced Anderson to twenty years' imprisonment in accordance with the jury's recommendation, after which Anderson filed appeal number 2006–SC–000563–MR as a matter of right.[6] After that notice of appeal had been filed, Anderson filed a pro se motion for relief under Kentucky Rules of Civil Procedure (CR) 60.02, which the trial court denied. Anderson appealed the denial of his CR 60.02 motion to the Kentucky Court of Appeals, which recommended transfer to this Court. We granted transfer of Anderson's CR 60.02–related appeal, which is case number 2006–SC–000894–TG. We have elected to resolve both appeals in this combined opinion. However, Anderson has made no arguments to us regarding the denial of his CR 60.02 motion.

### III. *ANALYSIS.*

The only issue raised by Anderson is the trial court's denial of his offer to stipulate to being a convicted felon. Resolution of that issue entirely depends upon whether we adopt the holding of *Old Chief.* After careful consideration, we join the "overwhelming majority of courts ... to have considered the matter"[7] in choosing to adopt the limited holding of *Old Chief.*

---

6. Ky. Const. § 110(2)(b).

7. *People v. Walker*, 211 Ill.2d 317, 285 Ill.Dec. 519, 812 N.E.2d 339, 348 (2004). Indeed, our independent research has revealed that *Old Chief* has also either been explicitly adopted or its rationale has been utilized in numerous state court cases, including such cases as *Ferguson v. State*, 362 Ark. 547, 210 S.W.3d 53 (2005); *Brown v. State*, 719 So.2d 882 (Fla.1998); *State v. Lee*, 266 Kan. 804, 977 P.2d 263 (1999); *Carter v. State*, 374 Md. 693, 824 A.2d 123 (2003); *State v. James*, 355 S.C. 25, 583 S.E.2d 745 (2003); *State v.* *James*, 81 S.W.3d 751 (Tenn.2002); *State v. Alexander*, 214 Wis.2d 628, 571 N.W.2d 662 (1997); *Ross v. State*, 279 Ga. 365, 614 S.E.2d 31 (2005); *Sams v. State*, 688 N.E.2d 1323 (Ind.Ct.App.1997); *State v. Harvey*, 318 N.J.Super. 167, 723 A.2d 107 (1999); *State v. Henton*, 121 Ohio App.3d 501, 700 N.E.2d 371 (1997); *Tamez v. State*, 11 S.W.3d 198 (Tex.Crim.App.2000); *State v. Johnson*, 90 Wash.App. 54, 950 P.2d 981 (1998); and *People v. Swint*, 225 Mich.App. 353, 572 N.W.2d 666 (1997).

*Old Chief* is a case remarkably similar to the one at hand. The defendant in *Old Chief* was charged with the federal offense of being a felon in possession of a firearm, an offense similar to Anderson's charge of being a felon in possession of a firearm.[8] Before trial, the defendant moved to prevent the prosecution from entering into evidence the specific nature of his previous felony conviction (assault).[9] In an argument echoed by Anderson in this case, the defendant in *Old Chief* argued to the trial court that the unfair prejudice from the introduction of the specific nature of his previous felony conviction would substantially outweigh its probative value, thereby making the evidence regarding the specific nature of his previous felony conviction inadmissible under Federal Rules of Evidence (FRE) 403.[10] Instead, the defendant in *Old Chief* offered to stipulate to the fact of the prior felony conviction, as did Anderson in the case at hand.[11] Like the case at hand, the prosecutor in *Old Chief* refused to join in a stipulation, "insisting on his right to prove his case his own way. . . ." [12] And, just like in the case at hand, the trial court ruled in favor of the prosecutor and refused to let the defendant unilaterally concede to having a previous felony conviction.[13] After the defendant was convicted, he filed an appeal, arguing that the trial court erred by refusing his offer to stipulate to a prior felony conviction. That appeal eventually wound its way to the United States Supreme Court.

Although sharply divided, a majority of the Supreme Court held that the trial court abused its discretion when it rejected the defendant's proposed stipulation.[14] The Court rejected an argument that the specific evidence of the defendant's previous felony conviction was irrelevant, and, thus, inadmissible under FRE 401 and 402.[15] The Court, therefore, proceeded to

8. *See* Kentucky Revised Statutes (KRS) 527.040.

9. 519 U.S. at 175, 117 S.Ct. 644.

10. *Id.* FRE 403 is virtually identical to Kentucky Rules of Evidence (KRE) 403. FRE 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." KRE 403 similarly provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." At least for purposes of the case at hand, we perceive the minor distinctions between FRE 403 and KRE 403 to be mere distinctions without a difference.

11. 519 U.S. at 175, 117 S.Ct. 644. Of course, a true stipulation requires agreement by *both* parties. *See* BLACK'S LAW DICTIONARY (8th ed.2004) (defining *stipulation* as "[a] voluntary agreement between opposing parties concerning some relevant point. . . ."). In cases where one party does not agree to the proposed stipulation, such as in the case at hand, the erstwhile stipulation is actually an admission. *Id.* (defining *admission* as "[a]ny statement or assertion made by a party to a case and offered against that party; an acknowledgment that facts are true.").

12. 519 U.S. at 177, 117 S.Ct. 644.

13. *Id.*

14. *Id.* at 191, 117 S.Ct. 644.

15. *Id.* at 178–79, 117 S.Ct. 644. FRE 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 402 provides that "[a]ll relevant evidence is admissible. . . ." KRE 401 and 402 are identical to their federal counterparts in all pertinent aspects. Thus, we likewise conclude that the specific nature of Anderson's previous felony offenses had at least some probative value.

the core question: whether the probative value of the specific evidence of the defendant's previous felony conviction was substantially outweighed by its prejudicial effect.

In resolving that question, the Court declared that there could be "no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant." [16] However, the Court also recognized the "good sense" inherent in the longstanding principle that "the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away...." [17] But the Court held that the prosecution's usual right to present its evidence as it sees fit "has ... virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." [18]

Ultimately, therefore, the United States Supreme Court concluded that "there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence." [19] Accordingly, the Court held that when the specific evidence of a defendant's prior conviction's probative value is weighed against its potential for unfair prejudice under FRE 403, "[i]n this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction," meaning that "it was an abuse of discretion to admit the record when an admission was available." [20]

Old Chief is virtually factually indistinguishable from the case at hand. And the federal evidentiary rules that lie at the heart of Old Chief are virtually identical to our corresponding Kentucky evidentiary rules. But Old Chief is not grounded in any constitutional principles. So its holding is not strictly binding upon us. As noted previously, however, an overwhelming majority of our sister states have either expressly adopted Old Chief or have at least utilized its logic. [21] Thus, we would be in a small minority, indeed, if we flatly rejected the United States Supreme Court's analysis of evidentiary rules quite similar to ours. In fact, it appears as if "[t]he only courts that have declined to follow Old Chief distinguished its holding based on variations in the applicable state statutory law." [22] We have not been cited to any variations in Kentucky law that would give us sufficient reason to reject Old Chief. In fact, we have already strongly hinted our approval of the rationale of Old Chief. [23] Therefore, we con-

16. 519 U.S. at 185, 117 S.Ct. 644.

17. *Id.* at 189, 117 S.Ct. 644.

18. *Id.* at 190, 117 S.Ct. 644.

19. *Id.* at 191, 117 S.Ct. 644.

20. *Id.*

21. *See* n. 7.

22. *Walker*, 285 Ill.Dec. 519, 812 N.E.2d at 348–49 ("See *State v. Ball*, 756 So.2d 275,

278 (La.1999) (state statute required proof of a particular felony); *State v. Jackson*, 139 N.C.App. 721, 535 S.E.2d 48 (2000) (state statute specifically allowed prior felony to be proven by record of conviction); *State v. Jackson*, No. 02AP–468, 2003 WL 1701188 (Ohio App., March 31, 2003) (to prove the offense of 'possession of a weapon under disability,' the prosecutor had to prove prior drug conviction).").

23. *Dickerson*, 174 S.W.3d at 463 (*citing Old Chief* for the proposition that "[o]f course, Appellant could have avoided the admission

clude that we shall adopt the holding of *Old Chief*: upon request, a criminal defendant charged with being a felon in possession of a firearm may stipulate (with the Commonwealth's agreement) or admit (if the Commonwealth does not agree) that the defendant has been previously convicted of a felony. Such a stipulation or admission would mean that the jury would simply be informed that the defendant was a convicted felon, for purposes of the felon in possession of a firearm charge, but would not be informed of the specifics of the defendant's previous felony conviction(s).

We recognize that defendants may wish to admit or stipulate to previous convictions or other matters in situations not involving felon in possession of a handgun charges, such as cases involving PFO charges.[24] But the application of *Old Chief*'s rationale to other cases and situations has not been argued by the parties to this case and, thus, is not properly before us. And the United States Supreme Court has not expressly extended *Old Chief* to other scenarios. So we emphasize that our holding today is limited only to cases like the one at hand—where the defendant stands charged with being a felon in possession of some type of firearm—and should not be construed as a license for criminal defendants unilaterally to admit over the Commonwealth's objection any other factors or elements of the Commonwealth's case that the defendant wishes to

conceal from the jury. Thus, in all other circumstances where a defendant's status as a convicted felon is relevant, such as PFO proceedings, courts should continue to rely upon our previous holding that "the prosecution is permitted to prove its case by competent evidence of its own choosing, and the defendant may not stipulate away the parts of the case that he does not want the jury to see."[25]

■ Adoption of *Old Chief*, of course, inevitably causes us to conclude that the trial court abused its discretion when it refused Anderson's proposed stipulation. Merely concluding that the trial court erred by refusing Anderson's proposed stipulation does not end our inquiry, however, because "no error or defect in any ruling ... is ground for granting a new trial or for setting aside a verdict ... unless it appears to the court that the denial of such relief would be inconsistent with substantial justice."[26] In fact, *Old Chief* itself left open the possibility that a court's failure to follow its dictates would be harmless error;[27] and other courts have subsequently applied a harmless error-type analysis to a lower court's failure properly to follow *Old Chief*.[28] After careful consideration, we have determined that, under the facts of this case, the trial court's denial of Anderson's proposed stipulation was a harmless error because "there is no reasonable possibility that it

of either judgment by simply stipulating to the convictions.").

**24.** Anderson raises no *Old Chief*-related argument as to the PFO proceedings in circuit court.

**25.** *Barnett v. Commonwealth*, 979 S.W.2d 98, 103 (Ky.1998).

**26.** Kentucky Rules of Criminal Procedure (RCr) 9.24.

**27.** 514 U.S. at 192 n. 11, 115 S.Ct. 1331 ("In remanding, we imply no opinion on the possibility of harmless error, am issue not passed upon below.").

**28.** *See, e.g., United States v. Daniel*, 134 F.3d 1259 (6th Cir.1998); *United States v. Taylor*, 122 F.3d 685 (8th Cir.1997).

contributed to the conviction." [29]

The prejudice Anderson may have suffered from the disclosure to the jury of the specific nature of his previous convictions for escape and receiving stolen property was likely minimal because those previous convictions were not for offenses involving firearms, nor were those previous offenses otherwise inherently violent in nature. Indeed, redacting the specifics of those offenses could have caused the jury to speculate that Anderson had been convicted of far more serious felonies, a point that future defendants in Anderson's position should consider before deciding to stipulate or admit to having a previous felony conviction. Furthermore, the evidence against Anderson was strong in that Bucher stated initially to the police, and reiterated at trial, that Anderson brought the compact disc case into the car on the night in question. Also damning was the fact that Anderson admitted at trial that he had illegally possessed a firearm thirteen years earlier. Thus, on balance, we cannot say that there was a reasonable possibility that the jury's knowledge of Anderson's specific prior convictions might have contributed to his conviction any more than their general knowledge of his status as a convicted felon would have. Accordingly, we deem harmless the error in refusing Anderson's proposed stipulation.

## IV.  *CONCLUSION.*

For the foregoing reasons, the judgment of the Henderson Circuit Court is affirmed.

All sitting.  ABRAMSON, NOBLE, and VENTERS, JJ., concur.
CUNNINGHAM, J., concurs in result only by separate opinion in which SCOTT, J., joins.  SCHRODER, J., concurs in result only by separate opinion.

Opinion by Justice CUNNINGHAM, concurring in result only.

I concur in the result of the very well-written opinion of our Chief Justice.  I write separately, however, simply to make two points.

First of all, the majority opinion correctly points out that because the decision in *Old Chief* is not based upon any constitutional principle, we are not obligated to follow it.  *Old Chief* was a 5–4 split of the United States Supreme Court and dealt with a federal evidentiary rule basically identical to our own, but with a criminal statute that is not identical to our own.  For instance, the federal law on convicted felons does not include all felonies as does our KRS 527.040(1).[1]

I do not think we should hitch our wagon to any decision of the United States Supreme Court unless we need to.  Here, we do not need to.  We can simply decide this case based upon our interpretation of our own KRE 403.  Unless necessary, our decisions should not rise nor fall upon the caprice of another tribunal's discretion, regardless of how august that body might be.

Secondly, I write to make certain that there is nothing in our decision here today that could be misunderstood by prosecutors and judges as far as their appropriate roles are concerned.  The word "stipulate" has infested this case considerably.  Stipulate is synonymous with agreement.[2]  No

**29.**  *Anderson v. Commonwealth,* 231 S.W.3d 117, 122 (Ky.2007).

**1.**  18 U.S.C. § 921(a)(20)(A) states that the term "crime punishable by imprisonment for a term exceeding one year" excludes "Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices."

**2.**  Black's Law Dictionary (8th ed.2004) defines stipulation as a "voluntary agreement

court in this state has the power to require the state to stipulate to anything. To do so would be a serious infringement upon Sections 27 and 28 of our state constitution. It is my understanding that what we are saying here today is simply this: limited to the prosecution of a convicted felon in possession of a handgun, trial courts should sustain any objection by a defense lawyer for the introduction of the nature and name of the prior felony crime.

To say more, I fear, is to invite trouble.

Thusly, I respectfully concur in result only.

SCOTT, J., joins this opinion concurring in result only.

Opinion by Justice SCHRODER, concurring in result only.

I disagree with the majority only insofar as it reasons that the holding in *Old Chief* is not binding on this Court because it is not grounded in constitutional principles. I view KRE 403's exclusion of relevant evidence on grounds of prejudice as being rooted in the defendant's due process right to a fair trial under the Sixth and Fourteenth Amendments to the United States Constitution. *See Robey v. Commonwealth,* 943 S.W.2d 616, 618 (Ky.1997).

between opposing parties concerning some relevant point...."

Webster's New World Dictionary (Second College Edition 1979) defines stipulation as the "point or condition agreed upon, as in a contract."