Filed 9/30/13  P. v. Parrasillas CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRAULIO PARRASILLAS,<br><br>    Defendant and Appellant. | D063299<br><br><br><br>(Super. Ct. No. SCS257860) |

APPEAL from a judgment of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Warren Williams, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Braulio Parrasillas of inflicting corporal injury on a cohabitant (Pen. Code, § 273.5, subd. (a).)  Parrasillas appeals contending the trial court erred in

failing, sua sponte, to instruct the jury to consider evidence of his extrajudicial statements with caution.  The respondent agrees the trial court erred in failing to so instruct, but argues the error was harmless.

We agree that the trial court had a duty to instruct the jury to view the defendant's out-of-court statements with caution.  We are satisfied, however, that the error was harmless.  Accordingly, we will affirm the judgment.

STATEMENT OF FACTS

On June 26, 2012, the victim, Johanna Gonzalez, got into an argument with Parrasillas, with whom she was living at the time.  She went upstairs to pack her things in order to leave.  Parrasillas followed her upstairs.

As the argument continued upstairs, Parrasillas told Gonzalez to "shut the fuck up."  After further words, Parrasillas struck Gonzalez in the face, knocking her to the floor.  He told her, "I don't care if you call the cops."  Gonzalez called her aunt, Mirna Suarez, to come and pick her up.

Gonzalez was waiting outside the house when Suarez arrived.  After she arrived, Suarez observed a "pinkish, purplish" bruise on Gonzalez's face.  Gonzalez explained that she and Parrasillas had been in an argument and that he had struck her.

Suarez talked with Parrasillas outside the house and asked him what had happened.  Parrasillas said, "It just happened.  It was like an accident."

After Gonzalez was taken to her mother's house, police were called.  A police officer arrived and interviewed Gonzalez.  He observed she was traumatized and her left eye was swollen and had a lump the size of a golf ball.

2

Parrasillas testified in his own defense. He acknowledged there had been an argument that day and that the argument continued upstairs. He denied ever hitting Gonzalez or using force on her. Parrasillas also denied telling Gonzalez to "shut the fuck up" or "I don't care if you call the cops."

Parrasillas said he talked to Suarez after she arrived and that Suarez asked him what happened. He told Suarez, "I don't know, ask her." He denied telling Suarez, "It just happened. It was an accident."

DISCUSSION

When the trial court instructed the jury, it failed to include CALCRIM Nos. 358 and 359 in those instructions.[1] The parties agree that case law requires trial courts to instruct jurors to consider a defendant's out-of-court statements with caution and that a conviction cannot be based on such statements alone. (*People v. McKinnon* (2011) 52

---

[1]     CALCRIM No. 358 provides: "You have heard evidence that the defendant made [an] oral or written statement[s] (before the trial/while the court was not in session). You must decide whether the defendant made any (such/of these) statement[s], in whole or in part. If you decide that the defendant made such [a] statement[s], consider the statement[s], along with all the other evidence, in reaching your verdict. It is up to you to decide how much importance to give to the statement[s]. [¶] Consider with caution any statement made by (the/a) defendant tending to show (his/her) guilt unless the statement was written or otherwise recorded."
    CALCRIM No. 359 provides: "The defendant may not be convicted of any crime based on (his/her) out-of-court statement[s] alone. You may only rely on the defendant's out-of-court statements to convict (him/her) if you conclude that other evidence shows that the charged crime [or a lesser included offense] was committed. [¶] That other evidence may be slight and need only be enough to support a reasonable inference that a crime was committed. [¶] The identity of the person who committed the crime [and the degree of the crime] may be proved by the defendant's statement[s] alone. [¶] You may not convict the defendant unless the People have proved (his/her) guilt beyond a reasonable doubt."

3

Cal.4th 616, 679; *People v. Zichko* (2004) 118 Cal.App.4th 1055, 1058.) Given there is no dispute that the court should have used the two instructions, the only question presented in this case is whether the omission was harmless.[2]

## A. Harmless Error

We turn then to the question, whether the error was harmless. Case law also establishes that failure to give the two instructions in this case is subject to harmless error analysis. In evaluating the possible prejudice arising from an error we must determine whether, after weighing the evidence, it appears reasonably probable that a result more favorable to the defendant would have been reached in the absence of the error. (*People v. Beagle* (1972) 6 Cal.3d 441, 455; *People v. McKinnon*, *supra*, 52 Cal.4th at p. 679.)

The purpose of these instructions is to help the jury determine whether the statements attributed to the defendant were actually made. In analyzing potential prejudice reviewing courts consider whether there were conflicts regarding the content of any statements or whether they were made at all. (*People v. Pensinger* (1991) 52 Cal.3d 1210, 1268.)

Where the defendant's denials of the statements are before the jury and the jury is fully instructed on judging the credibility of witnesses, the omission of the cautionary instructions can be found to be harmless. (*People v. Wilson* (2008) 43 Cal.4th 1, 20.)

---

[2]    CALCRIM No. 359 relates to the requirement that there be a corpus delicti established for the crime independent of the out-of-court statements. There is no serious challenge to the sufficiency of the corpus delicti here. There was an eye witness to the injury, Gonzalez. Suarez saw the fresh bruise on Gonzalez's face and a police officer saw the bruise shortly thereafter. There is evidence, independent of any statements, to establish the commission of the crime.

4

## B.  Analysis

Whether the defendant made the three challenged statements was disputed at trial. He denied making the statements to Gonzalez and explained he made a slightly different statement to Suarez than that to which she testified.  Analysis of the potential prejudice from failure to give a cautionary instruction requires a weighing of the evidence against any potential prejudice.  Here the jury had the testimony of Gonzalez to the fact Parrasillas struck her.  Both Suarez, and the police officer observed a significant fresh bruise to Gonzalez's eye, when she was picked up by Suarez and seen shortly thereafter by police.  Yet, Parrasillas denied he struck Gonzalez or that she had been harmed at the house.

More importantly, the extrajudicial statements are not terribly significant.  The fact Parrasillas told Gonzalez to "shut the fuck up" really contributes little, if anything, to the question of whether he hit her in the face.  The jury was aware of the stormy relationship between the two people and certainly knew there had been an argument preceding the blow, an argument which Gonzalez precipitated.  The statement added nothing more than there was an angry exchange going on.

Likewise, the statement "I don't care if you call the cops" is not an admission of guilt.  It is not even clear the context of any such statement.  It could possibly support an inference he knew he had hit Gonzalez, or that there may have been an accident as he said to Suarez.  Whatever the meaning of this particular statement, the lack of a cautionary instruction, is not reasonably probable that it affected the verdict.

5

The disputed statement to Suarez that "It just happened.  It was an accident," is likewise not an admission of guilt.  It arguably acknowledges something happened, even perhaps that he had done something to the victim.  Again, the statement is not powerfully incriminating.  The jury was fully informed on issues of credibility of witnesses.  It is not reasonably probable that there would have been a more favorable result for Parrasillas if the instruction had been given.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

NARES, J.

AARON, J.