# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: DECEMBER 15, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0502-MR

MICHAEL P. MOORE                                                                    APPELLANT

V.

ON APPEAL FROM GREENUP CIRCUIT COURT
HONORABLE BRIAN C. MCCLOUD, JUDGE
NO. 19-CR-00102

COMMONWEALTH OF KENTUCKY                                            APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

A Greenup County jury convicted Michael P. Moore of attempted murder, possession of a handgun by a convicted felon, possession of a firearm by a convicted felon, and tampering with physical evidence. He was sentenced to a total of forty years' imprisonment. He appeals his conviction to this Court as a matter of right. *See* KY. CONST. § 110(2)(b). After careful review of the record and arguments of the parties, we affirm the Greenup Circuit Court.

## I. BACKGROUND

In the evening of January 19, 2019, Michael Moore and his girlfriend, Angela Miller, went out to dinner with friends. After dinner, they went to the Laid Back Bar and Grill to have some drinks and listen to live music. When they were ready to leave, Miller called her son-in-law to pick them up and drive

them home, as both Miller and Moore had consumed too much alcohol to drive. When Miller's son-in-law arrived, Moore attempted to get into the car while carrying an open can of beer. Miller's son-in-law asked Moore not to bring the open container into the car. Moore cursed at Miller's son-in-law and then got out of the car. Miller also got out of the car and began to argue with Moore. Moore threw his beer in Miller's face and then left the bar in Miller's Durango. Miller then left with her son-in-law.

While on the way back to their house, Miller and Moore spoke on the phone and sent text messages to each other. Miller eventually told Moore to gather his belongings and leave the house.

When Miller arrived at home, Moore was already there, and Miller's Durango was parked in front of the house. As Miller walked in the front door, she heard loud crashing and thumping noises. She saw Moore standing at the end of the hallway outside of their bedroom wearing only his underwear. She also saw that Moore had punched holes in the walls and the doors. She explained that Moore was "arguing and fighting with himself." She repeatedly asked him to leave or to lie down and to get away from her.

As they continued to argue, Miller went into the bedroom she shared with Moore. Moore followed her. Then, Moore took Miller's pink pistol out of her dresser drawer. This pistol did not have a safety and was always fully loaded. Moore first held the pistol under his chin and then placed it against Miller's left temple. Miller begged Moore to stop, and he eventually set down the pistol. He

then pulled down a ceiling fan and threw a chair into a dresser before leaving the room.

Very shortly thereafter and before Miller could call for help, Moore reentered the bedroom holding a shotgun. The shotgun had been stored in a gun case in the guest bedroom. It was stored unloaded, and the ammunition was in a separate ammunition case. While standing within just a few feet of Miller and pointing the shotgun at her, Moore said, "If this is what you want, this is what you get." He then pumped the shotgun. Miller tried to turn away, and Moore shot her in the lower right side of her back. Miller was able to get past Moore and escaped to a neighbor's house. The neighbor called 911.

Before first responders arrived on scene, Moore left the residence in Miller's Durango. Police eventually secured a search warrant for the house that Miller and Moore shared. When police searched the house, they could not locate Miller's shotgun.

Moore was eventually apprehended in Ohio. When taken into custody, he told police that he had thrown the shotgun off of a bridge and into a river. Police searched but could not find the shotgun. When questioned by Kentucky State Police troopers, Moore stated that the case was "cut and dry" and that if he had wanted Miller to die, he would have killed her.

Moore proceeded to a trial by jury at which he was found guilty of attempted murder, possession of a handgun by a convicted felon, possession of a firearm by a convicted felon, and tampering with physical evidence. All of the charges were tried together, and proof of Moore's prior felony for failure to pay

child support was submitted to the jury in the form of a certified judgment. The jury recommended a total sentence of forty years' imprisonment, and the trial court sentenced Moore consistently with that recommendation. Moore then appealed to this Court.

## II. ANALYSIS

Moore alleges that the trial court committed three errors. First, he alleges that the trial court erred in failing to instruct the jury on voluntary intoxication. Second, he alleges that the trial court erred in failing to trifurcate his trial. Finally, he alleges that the trial court erred by admitting evidence of the nature of Moore's prior felony conviction during the guilt phase of the trial. We discuss each alleged error in turn.

### A. Jury Instructions

Moore's first argument to this Court is that the trial court should have instructed the jury on the defense of involuntary intoxication. Moore acknowledges that he did not ask the trial court to give this instruction, and thus this argument is not preserved for our review. Nevertheless, he requests palpable error review under Kentucky Rule of Criminal Procedure (RCr) 10.26.

Under RCr 10.26,

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

However, RCr 9.54(2) states,

4

> No party may assign as error the giving or the failure to give an instruction unless the party's position has been fairly and adequately presented to the trial judge by an offered instruction or by motion, or unless the party makes objection before the court instructs the jury, stating specifically the matter to which the party objects and the ground or grounds of the objection.

We have previously explained the interplay between these two rules as follows: "RCr 9.54(2) bars palpable error review for unpreserved claims that the trial court erred in the giving or the failure to give a specific instruction." *Martin v. Commonwealth*, 409 S.W.3d 340, 345 (Ky. 2013). Thus, we decline to review Moore's allegation that the trial court erred in failing to instruct the jury on involuntary intoxication.

Moore points out that under RCr 9.54(1), it is "the duty of the court to instruct the jury in writing on the law of the case." He asserts that to the extent our holding in *Martin* conflicts with the trial court's duty under RCr 9.54(1), *Martin* should be overruled in order to protect Moore's right to a fair trial and due process under the Kentucky and United States constitutions. We decline Moore's invitation to overrule our clearly established precedent on this issue.

**B. Trifurcation**

Moore next alleges that the trial court erred in failing to trifurcate his trial in order to separate the guilt phase on the possession of a handgun by a convicted felon and possession of a firearm by a convicted felon charges from the guilt phase on his other charges. In essence, this is an argument that the trial court erred in failing to sever the gun charges from the other charges. Moore acknowledges he did not preserve this issue, as he never requested the

5

trial court sever the offenses. However, Moore requests this Court review the issue for palpable error pursuant to RCr 10.26.

Generally, "[t]he decision to sever charges lies within the discretion of the trial court and will be overturned only where an abuse of discretion has occurred." *Debruler v. Commonwealth*, 231 S.W.3d 752, 760 (Ky. 2007) (citing *Cannon v. Commonwealth,* 777 S.W.2d 591, 596–97 (Ky. 1989)). However, "this Court made clear that a firearm charge is required to be severed from other charges to avoid the prejudice that necessarily arises from a jury learning of a defendant's otherwise inadmissible criminal history when considering guilt or innocence on other charged offenses." *Wallace v. Commonwealth*, 478 S.W.3d 291, 303 (Ky. 2015) (citing *Hubbard v. Commonwealth*, 633 S.W.2d 67, 68 (Ky. 1982)). Thus, Moore would have been entitled to severance or trifurcation if he had sought it; however, he did not.

In relevant part, RCr 8.31 states,

> If it appears that a defendant or the Commonwealth is or will be prejudiced by a joinder of offenses or of defendants in an indictment, information, complaint or uniform citation or by joinder for trial, the court shall order separate trials of counts, grant separate trials of defendants or provide whatever other relief justice requires. **A motion for such relief must be made before the jury is sworn** or, if there is no jury, before any evidence is received.

(Emphasis added). As can be seen from the plain language of the rule, the burden is on the defendant to request severance. In fact, we have previously held that "[i]t was not necessary for the trial judge to *sua sponte* order separate trials." *Humphrey v. Commonwealth*, 836 S.W.2d 865, 868 (Ky. 1992). We have

repeatedly held that "[a] criminal defendant is not entitled to severance unless there is a positive showing prior to trial that joinder would be unduly prejudicial." *Id.* (citations omitted); s*ee also Cohron v. Commonwealth*, 306 S.W.3d 489, 493 (Ky. 2010) ("A criminal defendant is not entitled to severance unless he positively shows prior to trial that joinder would be unduly prejudicial.") (citation omitted). Because he failed to make a motion, Moore did not make "a positive showing prior to trial that joinder would be unduly prejudicial." *Id.* Thus, the trial court did not err in failing to sever the charges.

**C. Evidence of the Nature of Moore's Prior Felony Conviction**

Moore's final argument to this Court is that the trial court erred by admitting evidence of the nature of Moore's prior felony conviction through admission of a certified judgment during the guilt phase of the trial. The trial court's decision on this matter is reviewed for an abuse of discretion. *See Anderson v. Commonwealth*, 281 S.W.3d 761, 766 (Ky. 2009). Moore acknowledges this issue is not preserved and requests palpable error review pursuant to RCr 10.26.

Moore asserts that the trial court should have *sua sponte* allowed him to stipulate or admit that he had previously been convicted of a felony in order to prevent the admission of evidence of the nature of that prior felony. In *Anderson v. Commonwealth*, we adopted the holding set forth by the United States Supreme Court in *Old Chief v. United States*, 519 U.S. 172 (1997). We explained,

> [U]pon request, a criminal defendant charged with being a felon in possession of a firearm may stipulate (with the Commonwealth's agreement) or admit (if the Commonwealth does not agree) that the defendant has been previously convicted of a felony. Such a stipulation or admission would mean that the jury would simply be informed that the defendant was a convicted felon, for purposes of the felon in possession of a firearm charge, but would not be informed of the specifics of the defendant's previous felony conviction(s).

*Anderson*, 281 S.W.3d at 766. Moore concedes that he did not request to stipulate or admit that he had previously been convicted of a felony as *Anderson* requires. However, he urges this Court to "reconsider the requirement that such a request is necessary under the circumstances presented" because "[i]t is axiomatic that the jury's knowledge of the defendant's prior felony is prejudicial during the guilt phase of the other charges." We decline to reconsider this requirement. Thus, because Moore did not request to stipulate or admit that he had previously been convicted of a felony, the trial court did not err in admitting the certified judgment of his prior conviction that included the nature of the prior felony.

### III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the Greenup Circuit Court.

Minton, C.J., Hughes, Keller, Lambert, Nickell and VanMeter, JJ., sitting. All concur. Conley, J., not sitting.

COUNSEL FOR APPELLANT:

Jared Travis Bewley
Department of Public Advocacy


COUNSEL FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General