SLIP OPINION     Cite as 2017 Ark. App. 572



# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–17–100

| | | |
|---|---|---|
| WILLIE RONAY PAYNE | | **Opinion Delivered:** November 1, 2017 |
| | APPELLANT | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR16-71] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| | | AFFIRMED |

## BART F. VIRDEN, Judge

A Drew County jury found Willie Ronay Payne guilty of being a felon in possession of a firearm, aggravated residential burglary, and aggravated robbery and sentenced him to 420 months in the Arkansas Department of Correction (ADC). On appeal, Payne argues that his convictions must be overturned because he was not allowed to ask leading questions during the cross-examination of witness Jeremiah Noel. We are barred from reviewing his argument and affirm.

An information was filed on May 6, 2016, charging Willie Ronay Payne and two accomplices, Demarius P. Blanks and Jessica B. Dodson, with aggravated residential burglary, aggravated robbery, and theft of property. Payne was separately charged with being a felon in possession of a firearm. Eventually, Payne's case was severed from the other two individuals charged.

Payne's trial was held on October 4, 2016. At the trial, Payne's attorney asked leading questions during the cross-examination of Jessica Dodson, Shirley Amber Ridgell, and Lamichael Wigfall without objection from the State or the trial court; however, during the cross-examination of Jeremiah Noel, the trial court sua sponte objected to defense counsel leading the witness. The following exchange occurred:

| | |
|---|---|
| THE COURT: | Mr. Best, he objected when you led the witness. He's been leading the witness for five minutes now, and I haven't heard an objection. |
| DEFENSE COUNSEL: | I'm on cross, Judge. |
| PROSECUTOR: | He's on cross. |
| THE COURT: | It does not matter. |
| DEFENSE COUNSEL: | I – |
| THE COURT: | It does not matter. Under the rules of evidence, it depends on the attitude of the witness and how the witness is aligned in the case. That's what determines whether or not leading questions are permissible. |

Defense counsel ceased asking leading questions and did not proffer Noel's expected testimony. Payne was convicted of being a felon in possession of a firearm, aggravated residential burglary, and aggravated robbery. He was sentenced to 420 months' imprisonment in the ADC. Payne filed a timely notice of appeal.

On appeal, Payne does not challenge the sufficiency of the evidence convicting him. Instead, Payne argues that the trial court erred when it sua sponte ordered defense counsel to refrain from asking leading questions of witness Jeremiah Noel. Because Payne failed to proffer Noel's expected testimony, we are left with nothing to review, and we must affirm.

When evidence is excluded by the trial court, the party challenging that decision must make a proffer of the excluded evidence at trial so that the reviewing court can review the decision unless the substance of the evidence is apparent from the context. *Griffin v. State*, 2015 Ark. 340, 470 S.W.3d 676. This court cannot address the issue Payne raises regarding the merits because the substance of the expected testimony is not apparent from the context, and there was no proffer of Noel's expected testimony. Without such a proffer, this court cannot say whether an error occurred or whether any such error was prejudicial. *See Arnett v. State*, 353 Ark. 165, 122 S.W.3d 484 (2003).

Payne also argues that not only was he not allowed to ask leading questions of Noel, he was also prevented from doing so during the cross-examinations of Jessica Dodson, Shirley Amber Ridgell, and Lamichael Wigfall. The record does not bear out Payne's assertion. All three of the above-named witnesses were asked leading questions during cross-examination without objection by the State or the trial court.

Affirmed.

KLAPPENBACH and BROWN, JJ., agree.

*Timothy R. Leonard*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., and *Bryan Foster*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the Supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.