Cite as 2024 Ark. App. 91

# ARKANSAS COURT OF APPEALS
### DIVISION IV
No. CR-23-201

| | | |
|---|---|---|
| JERMAINE LAWSON | | Opinion Delivered February 14, 2024 |
| | APPELLANT | |
| | | APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10CR-21-15] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BLAKE BATSON, |
| | APPELLEE | JUDGE |
| | | REVERSED AND REMANDED |

**RAYMOND R. ABRAMSON, Judge**

Jermaine Lawson appeals from his convictions for possession of a firearm by certain persons, simultaneous possession of drugs and firearms, possession of a controlled substance (methamphetamine), possession of a controlled substance (cocaine), fleeing, and possession of a controlled substance (marijuana).[1] On appeal, Lawson argues that the circuit court abused its discretion by admitting certified copies of his prior convictions. We agree, and we reverse and remand.

On January 27, 2021, the State charged Lawson. The charges arose from a January 12, 2021 traffic stop. On August 23, 2022, the court held a jury trial. During opening statements, the State informed the jury that

---

[1]Lawson was also sentenced as a habitual offender.

Lawson is a convicted a felon. He was in possession of a firearm. And what the State intends to do at the beginning of this trial is submit six prior felonies that Mr. Lawson was convicted of, showing you that he was in fact a felon at the time he was pulled over on January 21st, 2021[2] and taken into custody.

Now the Judge is going to read you a jury instruction, it's called a cautionary instruction, that you are not to consider Mr. Lawson's previous felony convictions for anything other than his being a felon in possession of a firearm.

. . . .

Again, his multiple, prior convictions are not to be used in the finding of guilt on those. But, again, the State will submit more than sufficient evidence of that.

Thereafter, the court directed the State to present its case.

Lawson immediately requested a bench conference, and he objected to the State's introducing certified copies of his prior felony convictions. He asserted that his prior convictions are very similar to the current charges and thus highly prejudicial. He offered to stipulate to his status as a felon without introducing the nature of those charges. The State refused to stipulate, and the court overruled Lawson's objection. The bench conference concluded.

The State then introduced certified copies of Lawson's prior convictions, and the prosecutor read the convictions to the jury. Specifically, the State introduced Lawson's convictions in CR-2002-0025 for two counts of delivery of a controlled substance (marijuana) and unauthorized use of property to facilitate a crime. The State also introduced Lawson's convictions in CR-2002-0030 for possession of a controlled substance with the intent to

---

[2]The prosecutor misstated the date of the traffic stop.

deliver (marijuana), possession of a controlled substance with the intent to deliver (crack cocaine), and possession of drug paraphernalia. When the State introduced the certified copies, Lawson objected on the basis of foundation. The court overruled that objection as well.

The State then presented evidence that an officer initiated a traffic stop on Lawson for driving 85 miles an hour in a 25-mile-an-hour zone. The officer testified that after he activated his lights, Lawson escalated to speeds of 110 to 115 miles an hour. Lawson drove for three miles before stopping, and the officer arrested Lawson. During a search, the officer located a loaded handgun in Lawson's waistband, and he found a bag of cocaine, a bag of methamphetamine, and a bag of marijuana in his pants. Another officer interviewed Lawson following his arrest, and the officer testified that Lawson admitted he should not have had a firearm. A chemist with the Arkansas State Crime Laboratory testified that the bags found on Lawson contained 6.0433 grams of cocaine with caffeine, lidocaine, and tetramisole; 3.5782 grams of methamphetamine and dimethyl sulfone,[3] and 6.106 grams of marijuana.

During jury instructions, the court instructed the jury that it should not take the proof of Lawson's prior felony convictions as proof of guilt. The jury later convicted Lawson, and he was sentenced to sixty-six years' imprisonment.

---

[3]The chemist explained that dimethyl sulfone is a nutritional supplement that "makes the amount of methamphetamine appear to be more."

3

Lawson timely appealed his convictions to this court. The sole issue on appeal is whether the circuit court abused its discretion by admitting certified copies of Lawson's prior convictions.

The State initially asserts that Lawson's argument on appeal is not preserved for our review because Lawson did not object at the first opportunity. The State points out that Lawson objected after opening statements, but it does not explain at what earlier point Lawson should have objected. The State alternatively claims that Lawson's argument is not preserved because he failed to renew his argument when the court admitted his prior convictions.

To preserve an issue on appeal, a defendant must object at the first opportunity. *Duck v. State*, 2018 Ark. 267, 555 S.W.3d 872. He also must renew his objection each time the issue is raised. *Id.* Otherwise, he has waived his argument regarding that issue on appeal. *Id.*

We hold that Lawson preserved his argument for appeal. During opening statements, the prosecutor stated that Lawson is a convicted felon and that the State intended to introduce copies of his prior convictions at the beginning of the trial. The prosecutor did not discuss the nature of the prior convictions. After opening statements and before the State presented its case, Lawson requested a bench conference in which he asserted his objection and offered to stipulate to his status as a felon. The court overruled Lawson's objection during the bench conference, and immediately following the conference, the State introduced the copies and read the convictions to the jury. Therefore, Lawson preserved his argument.

The State additionally claims that Lawson's failure to proffer his testimony stipulating to his status as a felon precludes us from addressing the merits of his argument. We again disagree. When evidence is excluded by the circuit court, the party challenging that decision must make a proffer of the excluded evidence at trial so that the reviewing court can review the decision unless the substance of the evidence is apparent from the context. *Payne v. State*, 2017 Ark. App. 572, at 3, 534 S.W.3d 723, 726; *Griffin v. State*, 2015 Ark. 340, 470 S.W.3d 676.

Here, Lawson informed the court that he would "stipulate that he is in fact a convicted felon without introducing the nature of those charges." Accordingly, we find that the substance of Lawson's testimony is apparent from the context, and we are thus not precluded from addressing Lawson's argument.

We now turn to the merits of the issue. Lawson argues that the circuit court abused its discretion by admitting the certified copies of his prior convictions during the guilt phase of his trial. He claims that the certified copies of his prior convictions were highly prejudicial and improper propensity evidence, and he points out that he offered to stipulate to his status as a felon. Lawson thus argues that his convictions must be reversed, and he cites *Old Chief v. United States*, 519 U.S. 172 (1997), *Ferguson v. State*, 362 Ark. 547, 210 S.W.3d 53 (2003), and *Austin v. State*, 98 Ark. App. 380, 255 S.W.3d 888 (2007).

In *Old Chief*, the United States Supreme Court reversed a defendant's felon-in-possession-of-a-firearm conviction and held that the trial court abused its discretion by refusing the defendant's offer to stipulate to the convicted-felon element of the charge. *Old*

5

*Chief*, 519 U.S. 172. The trial court instead admitted the full record of the prior judgment and conviction for the sole purpose of proving the prior-felony element. *Id.* The Court noted that, in cases where the defendant's status as a convicted felon is at issue, evidence concerning the nature or name of the previous conviction is most certainly relevant evidence, but such evidence is also highly likely to induce unfair prejudice. *Id.* The Court explained that in the unique situation in which the prosecution seeks to introduce evidence of a prior conviction to prove the element of a felony conviction in a felon-in-possession-of-firearms case, and a defendant offers to stipulate or admit the previous conviction,

> there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence. For purposes of the Rule 403 weighing of the probative against the prejudicial, the functions of the competing evidence are distinguishable only by the risk inherent in the one and wholly absent from the other.

*Id.* at 191.

In *Ferguson*, the Arkansas Supreme Court applied *Old Chief* and reversed a defendant's convictions and remanded when the circuit court refused the defendant's offer to stipulate that he had a prior felony. *Ferguson*, 362 Ark. 547, 210 S.W.3d 53. The defendant had been charged with felon in possession of a firearm and of two counts of aggravated assault. *Id.* The *Ferguson* court held that, when a defendant in a felon-in-possession-of-a-firearm case offers to stipulate to or admit to the convicted-felon element of that charge, the circuit court is required to accept the stipulation or admission, conditioned by an on-the-record colloquy in which the defendant acknowledges the underlying prior felony conviction and accedes to the stipulation or admission. *Id.*

6

In *Austin*, this court applied *Ferguson* and *Old Chief*, and we reversed and remanded the defendant's conviction for felon in possession of firearm when the circuit court rejected his offer to stipulate that he had a prior felony conviction for second-degree battery. *Austin*, 98 Ark. App. 38, 255 S.W.3d 888.

We find that these cases apply here, and we hold that the circuit court abused its discretion by admitting the certified copies of his prior convictions when Lawson offered to stipulate to his status as a felon. The State does not contest the issue on the merits.

The State instead claims that any error by the circuit court was harmless because the evidence of Lawson's guilt was overwhelming. It also argues that Lawson cannot show prejudice because the court gave a limiting instruction, and it further points out that Lawson did not receive the maximum sentence.[4]

We find the State's arguments concerning the harmless-error analysis meritless. In *Ferguson* and *Austin*, both felon-in-possession-of-a-firearm cases, the courts did not apply the harmless-error analysis. *See Ferguson*, 362 Ark. 547, 210 S.W.3d 53; *Austin*, 98 Ark. App. 38, 255 S.W.3d 888. In *Ferguson*, the supreme court explained that "[i]n the narrow sphere of felon-in-possession-of-a-firearm cases, the prejudicial impact of evidence on the nature of the prior crime offered merely to prove the convicted-felon-status element cannot be controverted." *Ferguson*, 362 Ark. at 555, 210 S.W.3d at 57. Accordingly, in this case, we

---

[4]Lawson acknowledges that his prior felony convictions were admissible during the penalty phase of his trial. *See* Ark. Code Ann. § 16-97-103(2) (Repl. 2016).

7

decline to engage in the harmless-error analysis. Therefore, in accordance with the holdings in *Old Chief*, *Ferguson*, and *Austin*, we reverse and remand this case.

Reversed and remanded.

HARRISON, C.J., and HIXSON, J., agree.

*Debra Reece Johnson*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.