Erich L. DIEMER  *v.*  STATE of Arkansas

CR 05-302                                      225 S.W.3d 348

Supreme Court of Arkansas
Opinion delivered January 26, 2006

*Griffin, Rainwater & Draper, P.L.C.,* by: *Sandra C. Bradshaw,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Brad Newman,* Ass't Att'y Gen., for appellee.

Tom Glaze, Justice. Appellant Erich Diemer was convicted of rape, kidnapping, and residential burglary and was sentenced to life imprisonment; this court affirmed his convictions in *Diemer v. State*, 340 Ark. 223, 9 S.W.3d 490 (2000). While serving his life sentence, on July 16, 2001, Diemer murdered his cellmate, Michael Girtner. Diemer was charged with capital murder pursuant to Ark. Code Ann. § 5-10-101(a)(6), which provides that a person commits capital murder if, "[w]hile incarcerated in the Department of Correction . . . , he purposely causes the death of another person after premeditation and deliberation[.]" Diemer was convicted of capital murder and sentenced to life imprisonment. On appeal, Diemer does not challenge the sufficiency of the evidence; instead, he argues that the trial court erred in allowing the State to present evidence of Diemer's prior convictions for rape, kidnapping, and burglary, and his life sentence for those crimes.

Prior to trial, Diemer filed a motion in limine in which he asked the trial court to preclude the State from mentioning or disclosing that Diemer was serving a life sentence in the Arkansas Department of Correction at the time of the murder. At a pretrial hearing on December 10, 2003, Diemer asked that the judgment and commitment order stemming from his rape and kidnapping conviction be redacted to omit any reference to his life sentence. Diemer argued to the court as follows:

> [The State has] the right to show that we are in prison because that is part of the charge. They have the right to show that we have committed prior violent crimes, but the amount that we have been sentenced — its probative value is far exceeded by the prejudicial effect it would have on the defendant in a death penalty case. That would allow them to argue he is serving life now. [They could argue that t]he appropriate sentence is death since he is already serving life. I would submit to the court that it is not an aggravating factor or circumstance, and it is not permissible to argue that.

The State responded that it had to prove Diemer's incarceration as an element of the capital murder charge, and that it intended to do so by introducing a copy of the judgment and commitment order. The State also noted that it wanted to introduce that judgment and commitment order during sentencing as an aggravating factor to show that Diemer had been convicted of a violent crime in the past. The court ruled that the judgment and commitment order would be admissible at both phases of the trial.

During opening statements, the prosecuting attorney remarked that Diemer was serving a life sentence for his rape conviction; Diemer moved for a mistrial, arguing that the offense for which he was in prison was not an element of the crime charged. The court denied the motion for mistrial. Subsequently, during its case-in-chief, the State sought to introduce the judgment and commitment order. Diemer again objected to the introduction of the order, as it showed the offenses with which he was charged, convicted and sentenced, and asked that the order be redacted to mark out the offenses. The State replied that Diemer "just can't stipulate to . . . one of the elements and keep us from introducing evidence as to how the death occurred. The same way that they can't stipulate that he is an inmate here." The court overruled Diemer's objection, but commented that "you may have a reversible error point there." At the close of the trial, Diemer renewed his mistrial motion, which was again denied. During the State's closing arguments, the prosecutor repeated Diemer's kidnapping, rape, and burglary convictions and life sentence. Diemer once more moved for a mistrial, which was denied.

On appeal, Diemer argues that the trial court's rulings were in error and contends that the State's mention of his previous life sentence, as well as the nature of the crimes for which he was convicted, unduly prejudiced the jury. Ark. R. Evid. 403 provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

This court has noted that the operative word in Rule 403 is "unfair." *See Boyle v. State*, 363 Ark. 356, 214 S.W.3d 250 (2005). The fact that the evidence is harmful, or prejudicial, to one side or the other does not cause it to be inadmissible. *Id.*

In *Old Chief v. United States*, 519 U.S. 172 (1997), a case involving a felon-in-possession-of-a-firearm charge, the Supreme Court considered the question of when the introduction of a defendant's prior criminal convictions constitutes undue prejudice. In *Old Chief*, the defendant, Old Chief, had offered to stipulate to his status as a convicted felon, and argued to the trial

court that revealing the name and nature of his prior assault conviction would unfairly prejudice the jury. The Assistant United States Attorney refused to accept Old Chief's stipulation, and the trial court allowed the Government to introduce evidence that Old Chief had been convicted of assault causing serious bodily injury. *Old Chief*, 519 U.S. at 174-75. The Ninth Circuit affirmed. *Id*. at 177.

However, upon its consideration of the case, the Supreme Court held that, when a trial court is called upon to balance the relevance of an item of evidence against its prejudicial impact, the preferred approach is "to take account of the full evidentiary context of the case as the [trial] court understands it when the ruling must be made." *Id*. at 182. This method gives the trial court the flexibility to "evaluate the degrees of probative value and unfair prejudice not only for the item in question *but for any available substitutes as well." Id*. (emphasis added). The Court further stated the following:

> If an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial risk.

*Id*. at 182-83.

Applying this analysis to the question of whether a defendant may stipulate to an element of the State's case, the Court first cited the general rule that the State is entitled to prove its case, stating that a defendant's Rule 403 objection "offering to concede a point generally cannot prevail over the Government's choice to offer evidence showing guilt and all the circumstances surrounding the offense." *Id*. at 183. However, in cases such as Old Chief's felon-in-possession-of-a-firearm charge, the Court expressed concern that evidence of the nature of the defendant's previous crime carried a "substantial risk" of "be[ing] arresting enough to lure a juror into a sequence of bad character reasoning." *Id*. at 185. The trial court in *Old Chief* was presented with "alternative, relevant, [and] admissible" evidence that "would, in fact, have been not merely relevant but seeming conclusive evidence of the element." *Id*. at 186. The Court stated as follows:

> The statutory language in which the prior-conviction requirement is couched shows no congressional concern with the specific name

> or nature of the prior offense beyond what is necessary to place it within the broad category of qualifying felonies, and Old Chief clearly meant to admit that his felony did qualify . . . . As a consequence, although the name of the prior offense may have been technically relevant, it addressed no detail in the definition of the prior-conviction element that would not have been covered by the stipulation or admission.

*Id.* The Court further held that the issue "is not whether concrete details of the prior crime should come to the jurors' attention, but whether the name or general character of that crime is to be disclosed." *Id.* at 190. Because Congress had "made it plain that distinctions among generic felonies do not count for this purpose[,] the fact of the qualifying conviction is alone what matters under the statute." *Id.* The Court concluded that there was "no cognizable difference" between the admission of the official record of a defendant's criminal past and the defendant's admission thereto, and for purposes of weighing the evidence under Rule 403, the functions of the competing evidence "are distinguishable only by the risk inherent in one and wholly absent from the other." *Id.* at 191. Accordingly, the Court held that, under such circumstances, a trial court abused its discretion to admit the record when an admission was available. *Id.*

We adopted the Supreme Court's reasoning in *Ferguson v. State*, 362 Ark. 547, 210 S.W.3d 53 (2005), in which our court held that, in some instances, a criminal defendant may avoid the introduction of the record of a prior felony. In the *Ferguson* case, appellant Ferguson was charged with possession of a firearm by a convicted felon. In order to prove that Ferguson was a member of the class of persons prohibited from owning a firearm, the State announced its intention to introduce the record of Ferguson's prior assault conviction. Ferguson filed a motion in limine in which he offered to stipulate to the fact that he was an individual not allowed to possess a weapon. However, the trial court denied the motion, and the State was allowed to introduce a copy of Ferguson's conviction into evidence. *Ferguson*, 362 Ark. at 555-56.

On appeal, Ferguson argued that, in light of his offer to stipulate, the State's introduction of the certified copy of his conviction was unfairly prejudicial and should have been excluded. This court stated that the issue was "whether a defendant can stipulate or admit to his status as a member of the class of individuals not allowed to possess a firearm and prohibit the State

from introducing evidence detailing the nature of the conviction." *Id.* The court noted first that, generally speaking, the State is entitled to introduce any relevant evidence to prove its case as conclusively as it can. *Id.* (citing *Bledsoe v. State,* 344 Ark. 86, 39 S.W.3d 760 (2001)). However, adopting the reasoning of *Old Chief,* our court ultimately held that, when a criminal defendant offers to stipulate or admit to the convicted-felon element of the felon-in-possession-of-a-firearm charge, the circuit court must accept that stipulation or admission, conditioned by an on-the-record colloquy with the defendant acknowledging the underlying prior felony conviction and acceding to the stipulation or admission. *Id.*

In the instant case, the State argues that *Old Chief* and *Ferguson* dealt specifically with the criminal charge of being a felon in possession of a firearm, and that the holdings of those cases are not pertinent here. However, we see no reason why the logic of *Old Chief* should not be applied here. Diemer's prior conviction and sentence are being used to prove one element of the capital murder charge. As mentioned above, Diemer was charged with the purposeful killing of another person "[w]hile incarcerated in the Department of Correction." As was the situation in *Old Chief,* the legislature has not specified that only certain felonies will cause a person to be eligible to have committed this variant of capital murder; a defendant falls within the category simply by virtue of being incarcerated. Thus, the only thing the State was required to prove was the simple fact of Diemer's status as incarcerated at the time he murdered Girtner; this end could have been accomplished by Diemer's willingness to stipulate to the fact of his incarceration. Informing the jury of the reason for the incarceration carries with it a risk of unfair prejudice that substantially outweighs any probative value that attends to the introduction of the judgment and commitment order.

The State also argues that nothing in the record shows that Diemer admitted or agreed to stipulate that he was an inmate in the Department of Correction. However, our review of the record reveals that this is not an accurate account of Diemer's argument to the trial court. Each time the State sought to introduce the judgment and commitment order, Diemer asked that it be redacted so that it would not show the nature of the crimes for which he had been convicted. For example, at the pretrial hearing, he "ask[ed] that the judgment and commitment be redacted to cut out the life sentence. They have the right to show that we are in

prison because that is part of the charge." During trial, Diemer objected "to the commitment showing the offenses with which he was charged, convicted and sentenced, and ask[ed] that this be redacted to mark out the offenses." It is clear that Diemer was agreeing that the fact of his incarceration was relevant and admissible; he was only attempting to keep the nature of his convictions from being broadcast to the jury. Thus, we reject the State's argument that Diemer failed to offer to stipulate to the fact of his incarceration.

For the above reasons, we hold that, under *Old Chief* and *Ferguson*, when the element the State must prove deals only with the defendant's legal status (in this case, the fact that Diemer was incarcerated) and there are two equally probative pieces of evidence with which the State can prove that element — either the record of the conviction, or the defendant's stipulation as to his status — the trial court abuses its discretion when it does not require the State to utilize the less prejudicial evidence. Accordingly, we conclude that the trial court abused its discretion in allowing the State to admit the unredacted judgment and commitment order showing the nature of Diemer's prior convictions and sentence.

However, the trial court's error in this case does not end our inquiry. This court has consistently held that it will not reverse in the absence of a demonstration of prejudice. *See Stivers v. State*, 354 Ark. 140, 118 S.W.3d 558 (2003); *Ridling v. State*, 348 Ark. 213, 72 S.W.3d 466 (2002); *Ramaker v. State*, 345 Ark. 225, 46 S.W.3d 519 (2001). In his brief on appeal, Diemer simply concludes that the introduction of the judgment and commitment order was prejudicial. At trial, he argued that the introduction of this evidence would prejudice him because the State could argue that, because he was already serving a life sentence for rape, the jury would believe that the appropriate sentence for this murder would be the death penalty. That failed to occur. Although the jury convicted him of capital murder, it did not sentence him to death; it sentenced him to the only other available option — life in prison. Accordingly, Diemer cannot demonstrate how he was prejudiced by the jury's consideration of the judgment and commitment order from his previous convictions, nor does he make any argument to this end in his brief on appeal. Accordingly, his conviction and sentence are affirmed.

Pursuant to Ark. Sup. Ct. R. 4-3(h), we have reviewed the record and have determined that there are no errors with respect to rulings on objections or motions prejudicial to the defendant not discussed above.