Mark Wayne AUSTIN  *v.*  STATE of Arkansas

CA CR 06-896                                          255 S.W.3d 888

Court of Appeals of Arkansas
Opinion delivered April 25, 2007

*William R. Simpson, Jr.*, Public Defender, and *Lance Sullenberger*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. Mark Austin appeals from four criminal convictions, one of which is for being a violent felon in possession of a firearm. He does not challenge the sufficiency of the evidence supporting his convictions but argues that the trial court erred in rejecting his offer to stipulate that he had been convicted of a prior felony and in allowing the State to inform the jury that he had a prior conviction for second-degree battery. We agree and reverse and remand.

As part of its burden to prove that Austin was a violent felon in possession of a firearm under Ark. Code Ann. § 5-73-103(c) (Repl. 2005), the State was required to prove that Austin had a prior conviction for a violent felony. At the beginning of the

hearing, the State offered to admit State's Exhibit 1, a certified copy of Austin's prior conviction for Class D second-degree battery.

Austin offered to stipulate to having a prior felony (but not a prior *violent* felony). The following discussion between the parties and the court occurred:

> STATE: It has to be a stipulation that it's battery-in-the-second-degree for the element of prior felony conviction.
>
> . . .

Defense counsel objected that the prior conviction should not be introduced until the penalty phase of the trial, and the discussion continued:

> STATE: The AMCI reads specifically that it has to be either the language of a prior felony offense for a Class D felony or a prior violent felony as one of the elements of the statute itself and the AMCI instruction.
>
> DEFENSE: But I don't know that we classify them as a Class B or a Class D felony during the guilt portion of the trial. I mean, it's just possession — possession of firearms by certain persons.
>
> STATE: Whether or not — according to my reading of the annotations, *whether or not it is a violent felony offense is a matter of law to be determined by the Court,* kind of like a habitual allegation. *But the jury has to be instructed that they have — the way the statute reads, you insert the particular felony. Like he has, they must find that he has a prior conviction for battery-in-the-second degree. The Court is the one that actually makes the legal notice that it is a violent felony offense.* The language doesn't say violent felony offense or anything like that in it, but it has to say the specific thing to meet that element.
>
> COURT: Okay. Do you stipulate that he has a prior felony conviction?
>
> DEFENSE: I'll stipulate that he has a prior felony conviction.

(Emphasis added.)

During the guilt phase of the trial, the State again offered Exhibit 1 and defense counsel objected to its admission. The trial court indicated it would admit the exhibit for the limited purpose of the court determining whether the prior felony was a violent felony and then determined that it was a violent felony. The State requested that Exhibit 1 be offered to advise the jury that Austin's prior felony conviction was for second-degree battery. Further discussion on the matter took place as follows:

> DEFENSE: So she [the prosecutor] will be able to say that it is a — even though we're stipulating that he has a prior felony during the guilt phase for the possession of a firearm by certain persons?

> COURT: Are you asking that she not say battery-in-the-second degree?

> DEFENSE: That's what I'm asking, Your Honor.

> . . . .

> DEFENSE: It only calls for — during that phase that a possession of firearms by certain persons. And to prove that, *the State has to prove that they are a convicted felon. And we are stipulating that he is a convicted felon.* I think there is new case law on that.

> STATE: I think that's correct if the charge is Class D felony. If there is not an allegation as there is in this case that a felony is one such that would rise to a Class B felony. That would basically be almost like a try-for-two procedure or something.

> . . . .

> COURT: The only option would be to say that he's convicted. I could allow the State to say that he's had a *prior violent felony* and let them assume what it is, but I'll do that. The State, *you can all argue that he has a prior violent felony.*

> STATE: That's fine.

> COURT: Okay.

DEFENSE: *I would rather have it battery-second, Your Honor.*

COURT: *All right. Then it will be battery-second, then.*

(Emphasis added.)

Thereafter, during opening statements, the prosecutor noted that Austin was "charged with having a firearm after he's been convicted of a felony." Before the first witness was called, State's Exhibit 1 was admitted into evidence without further objection, with the prosecutor orally pronouncing that the record showed that Austin had been convicted of second-degree battery. Further, the trial court specifically instructed the jury that the State was required to prove that Austin had previously been convicted of second-degree battery. In her closing argument, the prosecutor expressly informed the jury that Exhibit 1 reflected Austin's prior conviction for second-degree battery. The jury subsequently convicted Austin.

Austin maintains that each of his convictions should be reversed, pursuant to *Old Chief v. U.S.*, 519 U.S. 172 (1997), and *Ferguson v. State*, 362 Ark. 547, 210 S.W.3d 53 (2003). We agree. The *Old Chief* decision reversed a defendant's conviction for being a felon in possession of a firearm, where the defendant offered to admit to the prior-felony element of the charge but the trial court instead admitted the full record of the prior judgment and conviction for the sole purpose of proving the prior-felony element.

The *Ferguson* defendant was convicted of being a felon in possession of a firearm and of two counts of aggravated assault; the trial court refused his offer to stipulate that he had a prior felony. The *Ferguson* court, adopting the ruling in *Old Chief, supra,* reversed and remanded for a new trial. The *Ferguson* court held that, when a defendant in a felon-in-possession-of-a-firearm case offers to stipulate to or admit to the convicted-felon element of that charge, the trial court is required to accept the stipulation or admission, conditioned by an on-the-record colloquy in which the defendant acknowledges the underlying prior felony conviction and accedes to the stipulation or admission.

Additionally, the *Ferguson* court held that the fact that a defendant does not offer to stipulate that the prior felony was a *violent* felony is irrelevant because the question of whether the previous felony was violent is decided by the judge as a matter of law. Thus, pursuant to *Ferguson*, the violent nature of the previous

felony is not an essential element that the prosecution must prove to the jury. As such, publication of the defendant's prior conviction to the jury is improper. *See also Diemer v. State*, 365 Ark. 61, 225 S.W.3d 348 (2006).

■ Pursuant to *Ferguson* and *Old Chief*, we hold that the trial court erred in rejecting Austin's stipulation that he had a prior felony conviction. The State would have us hold that Austin was required to specifically stipulate that the prior felony was a *violent* felony or to stipulate as to the specific conviction itself. However, *Ferguson* and *Old Chief* make clear that the question of whether the previous felony was violent is a matter of law. Thus, the fact that Austin did not initially agree to stipulate that the prior conviction was a *violent* felony conviction was irrelevant and did not justify admission of his prior conviction for the purpose of proving the fact of his prior felony. Hence, the trial court here erred when it declined to accept Austin's stipulation and inform the jury that Austin had a prior felony conviction, but "offered" to inform the jury that the prior conviction was a violent felony conviction and ultimately allowed the State to publish to the jury Austin's prior conviction for second-degree battery.[1]

Citing to *Deimer, supra*, the State asserts that, even if the trial court erred, Austin's conviction should be affirmed because he cannot demonstrate that he was prejudiced by the error in that he received less than the maximum sentences for his convictions. We disagree. Pursuant to *Old Chief* and *Ferguson*, the general rule is that prejudice is recognized in a felon-in-possession case when the trial

---

[1] Citing to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the State argues that the *Ferguson* holding is in error because whether the prior felony was violent determines the sentencing range to which a defendant is subject, and thus, is a factual issue for the jury to decide. This argument is incorrect. First, the prosecutor conceded at trial that whether Austin's previous felony was a violent felony was an *issue of law* for the trial court to determine. Second, although the *Apprendi* Court determined that the issue of bias for enhancing a crime as a hate crime was a jury issue because it increased the penalty for a crime beyond the statutory maximum, it still recognized that, "*other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed maximum must be submitted to a jury." *Id.* at 490 (emphasis added). *See also United States v. Strong*, 415 F.3d 902 (8th Cir. 2005) (reaffirming the *Apprendi* holding as excepting from those facts that must be presented to the jury because they increase the statutory maximum penalty the fact of a prior conviction). Thus, *Apprendi* does not compel reversal of *Ferguson*. Even if it did, the Arkansas Court of Appeals cannot overturn Arkansas Supreme Court precedent. *See Roark v. State*, 46 Ark. App. 49, 876 S.W.2d 596 (1994).

court fails to accept a defendant's stipulation as to his prior felony conviction. *Old Chief*, 519 U.S. at 185, 191-92; *Ferguson*, 362 Ark. at 555, 210 S.W.3d at 57. The *Old Chief* Court specifically limited its holding to felon-in-possession cases. 519 U.S. at 184, fn. 7, 191-92.

The *Deimer* court applied the *Old Chief* reasoning and concluded that the trial court erred in admitting the defendant's prior judgment and commitment order; however, it affirmed the conviction. That was not a felon-in-possession case. In short, *Deimer* is inapplicable because the instant case involves a felon-in-possession conviction; as such, the prejudice from the trial court's refusal to accept Austin's stipulation as to his prior felony is apparent. In accordance with the holdings in *Old Chief* and *Ferguson,* we reverse and remand this case.

Reversed and remanded.

HART and BAKER, JJ., agree.