Cite as 2024 Ark. 143

# SUPREME COURT OF ARKANSAS
**No.** CR–23–201

| | | |
|---|---|---|
| | | **Opinion Delivered:** October 3, 2024 |
| JERMAINE LAWSON | APPELLANT | APPEAL FROM THE CLARK COUNTY CIRCUIT COURT [NO. 10CR-21-15] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE BLAKE BATSON, JUDGE |
| | | AFFIRMED; COURT OF APPEALS OPINION VACATED. |

**RHONDA K. WOOD, Associate Justice**

Jermaine Lawson was convicted of multiple offenses, including possession of a firearm by certain persons. At trial, the State introduced certified copies of Lawson's prior felony convictions, despite his objection and offer to stipulate to the fact that he was a felon. Our court of appeals reversed all of Lawson's convictions. *Lawson v. State*, 2024 Ark. App. 91, 684 S.W.3d 917. While it found that the circuit court abused its discretion when it admitted the convictions rather than accept Lawson's stipulation, it declined to apply a harmless-error analysis. We granted the State's petition for review. We also find an abuse of discretion in the admission but hold harmless-error analysis applies. Because the error was harmless considering the overwhelming evidence of Lawson's guilt, we affirm the circuit court's judgment.

## I. *Factual Background*

In January 2021, Lawson drove eighty-five miles per hour through a twenty-five-mile-per-hour school zone as children were exiting the school. He ignored a signal to stop and instead led the police on a high-speed chase. Lawson was eventually pulled over and charged with fleeing. A subsequent search of his person led to the discovery of a loaded semiautomatic handgun and baggies of cocaine, methamphetamine, and marijuana. Lawson was charged and convicted of five felonies[1] arising from this incident: simultaneous possession of drugs and a firearm, possession of a controlled substance (methamphetamine), possession of a controlled substance (cocaine), possession of firearms by certain persons ("felon-in-possession-of-a-firearm"), and fleeing. He was also convicted of misdemeanor possession of marijuana.

To prove the felon element of the felon-in-possession-of-a-firearm charge, the State introduced certified copies of the judgment and commitment orders from Lawson's prior felony convictions. Lawson objected and instead offered to stipulate that he was a felon. The State refused the stipulation offer, and the circuit court admitted the certified copies of his prior convictions over Lawson's objection. The certified copies of the convictions revealed that Lawson had been previously convicted of unauthorized use of property to facilitate a crime, possession of marijuana with intent to deliver, possession of crack cocaine with intent to deliver, possession of drug paraphernalia, and two counts of delivery of a controlled

---

[1]For each of the five felonies, Lawson was charged and sentenced as a habitual offender.

2

substance (marijuana). Lawson was convicted on all charges and appealed the issue of the admission of the judgment and commitment orders.

## II. *Analysis*

When we grant a petition for review, we consider the appeal as though it had originally been filed with this court. *In re Est. of Haverstick*, 2021 Ark. 233, at 3, 635 S.W.3d 482, 484.

Lawson argues that the circuit court abused its discretion when it admitted the certified copies of his prior felony convictions over his objection and offer to stipulate that he was a felon. We review a circuit court's decision to admit or exclude evidence for an abuse of discretion and will reverse only upon a showing of prejudice. *Keesee v. State*, 2022 Ark. 68, at 7, 641 S.W.3d 628, 635.

In *Old Chief v. United States*, the U.S. Supreme Court, interpreting Federal Rule of Evidence 403, held that the general rule is that when a defendant offers to stipulate to his status as a felon to prove that element of a charge, it is an abuse of discretion for the circuit court to instead allow the prosecution to admit evidence of the specifics of the prior conviction. *Old Chief v. United States*, 519 U.S. 172, 191–92 (1997). In *Ferguson v. State*, we adopted the reasoning from *Old Chief* and applied it to Arkansas Rule of Evidence 403. *Ferguson v. State*, 362 Ark. 547, 555–56, 210 S.W.3d 53, 57 (2005). We held that "when a criminal defendant offers to stipulate or admit to the convicted-felon element of the felon-in-possession-of-a-firearm charge, the circuit court must accept that stipulation or admission, conditioned by an on-the-record colloquy with the defendant acknowledging the underlying prior felony conviction and acceding to the stipulation or admission." *Id.*

Looking to the record, toward the end of the State's opening statement, the State said that it would "submit six prior felonies that Mr. Lawson was convicted of, showing you that he was in fact a felon at the time he was pulled over . . . ." As soon as opening statements were finished, Lawson requested a bench conference.[2] He raised the issue of the State potentially introducing certified judgments, stated his objection to their introduction, and instead offered to stipulate that he was a felon. The circuit court overruled his objection, did not accept the stipulation, and allowed the State to proceed and eventually introduce the multiple felony convictions. We find this was an abuse of discretion because it violates *Ferguson*. The general rule from *Ferguson* is that if the defendant is willing to stipulate on the record to his status as a felon, the circuit court must accept it for that element of the charge. *Id*.

Yet our inquiry does not end. The State is correct that we do not reverse a circuit court's evidentiary errors absent a showing of prejudice. *See Lewis v. State*, 2023 Ark. 12, at 18. This court did not use a harmless-error analysis in *Ferguson*, but it also did not reject it. On one hand, the dicta in *Ferguson* suggested the prejudicial impact might be severe. Yet soon after *Ferguson*, we applied harmless error in a similar situation. *See, e.g.*, *Diemer v. State*, 365 Ark. 61, 67, 225 S.W.3d 348, 352–53 (2006). In *Diemer*, we held that although it was an abuse of discretion to refuse to allow the defendant to stipulate to his status as an inmate (over the State's introduction of his judgment and commitment order depicting his life sentence for rape), we held we would not reverse absent a demonstration of prejudice. *Id*.

---

[2]It was not completely clear in its opening how the State intended to submit evidence of his prior felonies. Lawson acted swiftly to preserve the issue before the State began its case and offered to stipulate to his felon status.

We find no reason not to use harmless error here as we do with other evidentiary abuse of discretion errors. Although error can occur in trials, when error is harmless, we will affirm. This also aligns with many federal courts. *See, e.g.*, *United States v. Lawson*, 173 F.3d 666, 670 (8th Cir. 1999) (holding that any potential *Old Chief* error was harmless because the evidence of Lawson's guilt was overwhelming); *United States v. Harris*, 137 F.3d 1058, 1060 (8th Cir. 1998) ("To warrant relief under Old Chief, the asserted error must not be harmless."); *United States v. Cunningham*, 133 F.3d 1070, 1075 (8th Cir. 1998).

Harmless error exists when the evidence of guilt is overwhelming, and the error is slight. *Johnston v. State*, 2014 Ark. 110, at 7, 431 S.W.3d 895, 899. We find the circuit court's error in admitting the certified copies of Lawson's convictions was harmless. The evidence of Lawson's guilt was overwhelming. Lawson had the handgun and drugs on him. At trial, the State presented officer testimony describing the high-speed chase, arrest, and search. Prosecutors introduced into evidence the drugs, handgun, and ammunition found on Lawson. Crime-scene photographs of Lawson, the handgun, the drugs, and the vehicle with the open containers of alcohol were admitted. The State also introduced expert testimony and state crime-laboratory test results identifying the drugs. Evidence of his guilt on all charges was overwhelming.

In addition, both the prosecutor and the circuit court told the jury that they could consider the certified copies of Lawson's prior felonies *only* as evidence of Lawson's status as a felon (and therefore a person not permitted to possess a firearm). The court's jury instruction directed the jury not to consider the past convictions as evidence that Lawson was guilty of any of the other charged conduct. We presume the jury follows instructions

5

given by the court. *See, e.g., Nooner v. State*, 2014 Ark. 296, at 25, 438 S.W.3d 233, 248. Given these circumstances, we have no difficulty finding that although there was an abuse of discretion initially to not accept Lawson's stipulation he was a felon, the error was harmless, and we affirm the judgment of the circuit court.

Affirmed; court of appeals opinion vacated.

BAKER and HUDSON, JJ., dissent.

**COURTNEY RAE HUDSON, Justice, dissenting.** I agree that the circuit court abused its discretion by admitting certified copies of appellant Jermaine Lawson's prior convictions rather than allowing him to stipulate to his status as a felon. However, I disagree with the majority's conclusion that the error was harmless. Thus, I respectfully dissent.

We may declare an evidentiary error harmless if the evidence of guilt is overwhelming *and* the error is slight. *Collins v. State*, 2019 Ark. 110, 571 S.W.3d 469. To determine whether the error is slight, we look to see if the defendant was prejudiced by the erroneously admitted evidence. *Beard v. State*, 2020 Ark. 62, 594 S.W.3d 29. Prejudice is not presumed, and we will not reverse a conviction absent a showing of prejudice by the defendant. *Lard v. State*, 2014 Ark. 1, 431 S.W.3d 249.

While the evidence presented by the State in support of Lawson's convictions may have been overwhelming, I cannot say that the error was slight in this case. In *Old Chief v. United States*, 519 U.S. 172 (1997), the petitioner was charged with assault with a dangerous weapon, using a firearm in relation to a crime of violence, and being a felon in possession of a firearm. Old Chief's prior felony conviction was for assault causing serious bodily injury. Prior to his trial, Old Chief moved to prevent the Government from revealing the name

6

and nature of his prior conviction, arguing that this evidence "would unfairly tax the jury's capacity to hold the Government to its burden of proof beyond a reasonable doubt" on his current charges. *Id.* at 175. He instead offered to stipulate to the fact of his prior conviction and contended that this offer rendered the name and nature of the offense inadmissible under Rule 403 of the Federal Rules of Evidence because the danger of unfair prejudice from this evidence would substantially outweigh its probative value.

The Supreme Court agreed with Old Chief's argument that the details of his prior conviction were more prejudicial than probative under Rule 403 and reversed and remanded. The Court stated that,

> [i]n dealing with the specific problem raised by [ 18 U.S.C.] § 922(g)(1) and its prior-conviction element, there can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant. That risk will vary from case to case, for the reasons already given, but will be substantial whenever the official record offered by the Government would be arresting enough to lure a juror into a sequence of bad character reasoning. *Where a prior conviction was for a gun crime or one similar to other charges in a pending case the risk of unfair prejudice would be especially obvious*, and Old Chief sensibly worried that the prejudicial effect of his prior assault conviction, significant enough with respect to the current gun charges alone, would take on added weight from the related assault charge against him.

*Old Chief*, 519 U.S. at 185 (emphasis added).

In *Ferguson v. State*, 362 Ark. 547, 210 S.W.3d 53 (2005), we addressed this issue in the context of a defendant accused of violating Arkansas's felon-in-possession statute. Ferguson was charged with two counts of aggravated assault and one count of possession of firearms by a convicted felon. To prove Ferguson's status as a convicted felon, the State sought to admit the record of his previous conviction for aggravated assault. The circuit court denied Ferguson's motion in limine offering to stipulate to his status as a felon and

requesting that the State be prohibited from introducing the specific details of the felony. We adopted the rationale in *Old Chief*, stating that "[i]n the narrow sphere of felon-in-possession-of-a-firearm cases, the prejudicial impact of evidence on the nature of the prior crime offered merely to prove the convicted-felon-status element cannot be controverted." *Ferguson*, 362 Ark. at 555, 210 S.W.3d at 57; *see also Austin v. State*, 98 Ark. App. 380, 385, 255 S.W.3d 888, 891 (2007) (applying our holding in *Ferguson* and stating that the prejudice to the defendant from the introduction of evidence of his prior felony conviction for second-degree battery was "apparent" because it was a felon-in-possession case).

Here, Lawson faced charges of possession of a firearm by certain persons, simultaneous possession of drugs and firearms, possession of methamphetamine, possession of cocaine, possession of marijuana, and fleeing. Lawson's prior convictions that were presented to the jury over his objection involved very similar drug crimes—namely, delivery of marijuana, possession of marijuana with the intent to deliver, possession of cocaine with the intent to deliver, and possession of drug paraphernalia. This is precisely the situation in which the prejudicial impact on the defendant from the introduction of the prior convictions has been held to be "especially obvious," "apparent," and uncontroverted. *Old Chief*, 519 U.S. at 185; *Ferguson*, 362 Ark. at 555, 210 S.W.3d at 57; *Austin*, 98 Ark. App. at 385, 255 S.W.3d at 891. Although the majority asserts that we have declined to reverse based on a failure to demonstrate prejudice under similar circumstances in *Diemer v. State*, 365 Ark. 61, 225 S.W.3d 348 (2006), that case is clearly distinguishable. First, *Diemer* did not involve a felon-in-possession charge and therefore does not fall within the "narrow sphere" of cases discussed in *Old Chief* and *Ferguson*. *See Ferguson*, 362 Ark. at 555, 210

S.W.3d at 57. Second, unlike Lawson's convictions, Diemer's prior convictions were not similar in nature to his current charge of capital murder. Finally, the prejudice claimed by Diemer, which was that the jury would impose a death sentence knowing that he was already serving a sentence of life, did not actually occur in that case. *See Diemer*, 365 Ark. at 67, 225 S.W.3d at 352–53. Because I cannot conclude that Lawson was not prejudiced by the circuit court's erroneous admission of his prior convictions, I would reverse and remand.

BAKER, J., joins.

*Debra Reece Johnson*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.