Cite as 2025 Ark. App. 102

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CR-24-325

| | | |
|---|---|---|
| JEFFREY PARNELL | | Opinion Delivered February 19, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE POLK COUNTY CIRCUIT COURT |
| V. | | [NO. 57CR-23-72] |
| | | |
| STATE OF ARKANSAS | | HONORABLE ANDY RINER, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**CASEY R. TUCKER, Judge**

Appellant Jeffrey Parnell appeals his convictions in the Polk County Circuit Court of possession of a controlled substance and possession of drug paraphernalia and the resulting concurrent sentences of six years' incarceration and six years' probation. On appeal, Parnell argues that the circuit court erroneously allowed the State to make improper arguments to the jury and that the circuit court erred in denying Parnell's request for a mistrial. We affirm.

By amended criminal information filed on November 29, 2023, the State charged Parnell with possession of a controlled substance, careless and prohibited driving, driving on a suspended license, and possession of drug paraphernalia. A jury trial was held on the charges of possession of a controlled substance and possession of paraphernalia on November 30, 2023.

In the early introductory remarks of his opening statement, the prosecuting attorney stated, "The reason [law enforcement] come in contact with [Parnell] because they respond or they're dispatched to a single motor vehicle accident. Deputies get there and you'll hear testimony that this defendant was the driver of that vehicle. So Chief Jewell, doing his job, he confirms that this defendant had outstanding warrants and—" Parnell's attorney objected and moved for a mistrial. The State explained why the officers searched Parnell. Parnell's attorney agreed he was going to stipulate that the contact was legal. The court denied the mistrial, instead instructing the jury to "disregard the last portion of the argument."

Continuing, the prosecutor stated, "The defendant at that point was detained and he was arrested. Search incident to that arrest, which is lawful, Chief—" Parnell's attorney again objected, arguing, "He shouldn't be providing opinions about the lawfulness of anything about the encounter" and that "lawfulness of any search is not appropriate argument." The judge overruled the objection.

The State presented two witnesses at trial. Chief Deputy Randy Jewell testified that on November 14, 2022, he and another deputy were dispatched to a single-car accident in which Parnell was the vehicle's driver. He was arrested after it was determined he was driving on a suspended license. Officer Jewell testified that he and his partner had arrested, handcuffed, and prepared to take Parnell to jail, and they searched him as part of their routine training. The officers found a small metal container that contained a baggie of a crystalline-type substance inside Parnell's coat pocket. According to the drug task force

investigator who was the second witness to testify, the substance inside the container was tested and confirmed to be approximately 0.16 grams of methamphetamine.

The State rested following these two witnesses. Parnell chose not to present any evidence. The jury returned verdicts finding Parnell guilty of possession of less than two grams of methamphetamine and guilty of possession of drug paraphernalia to store, contain, or conceal a controlled substance.

During the sentencing phase of the trial, Parnell took further issue with statements made by the State. The prosecuting attorney argued, without objection, "We do know that he was convicted in October 2nd, 2021, of methamphetamine and drug paraphernalia. So, we do know that while he's out, he's going to get meth. That's what we know."

In response, Parnell's attorney stated: "The prior conviction, of the offense date, February 11th, 2021. The disposition date, the date that another jury sentenced this man to three years of probation, was August the 24th of 2023. That's three months ago." He continued with an extensive discussion of Parnell's previous conviction and sentence, including that it was for two Class D felonies and that Parnell had been incarcerated since April 2023. He went on to explain that "[i]t's not as if he was sentenced to probation and got out and messed up again. He hasn't had an opportunity to prove that jury was correct, that he can be a good probationer." He then asked the jury to do as the previous jury had done and give Parnell probation.

During rebuttal, the prosecuting attorney argued, "He's been given an opportunity already. He offends, a year later, he's caught again, for the same thing." Parnell's attorney

3

objected, arguing that the prosecutor's statement to the jury was not true because Parnell was sentenced in August and had been in jail every day since that sentence. The judge overruled the objection, and the State continued, stating, "He's been convicted. Clearly parole has not helped, and then he gets caught again, just as I said a second ago. . . . You can sentence him to more probation. But that didn't work. And so, you get to decide what makes you believe that now it's going to work. But I know what—" Parnell's attorney objected here on the basis that the State was making the argument that probation had not worked because Parnell had been incarcerated the entire time since his last conviction. The judge offered to instruct the jury and asked Parnell's attorney what instruction he wanted. Parnell's attorney requested that the jury be instructed that Parnell had not been given a chance while on probation to demonstrate that he can follow the rules. The prosecutor requested that the judge say Parnell had not offended while on probation. Parnell's attorney did not disagree with or otherwise object to the State's requested instruction. The prosecutor then offered to inform the jury himself. Again, Parnell's attorney did not object to, or otherwise voice disagreement with, this approach. The prosecutor continued his argument to the jury without further objection, stating:

> He's been on probation for this during this timeframe, when he was sentenced. And he's not offended. Those are the facts. But he's here today, and you found him guilty of methamphetamine and drug paraphernalia, again. And he's here today, because he needs rehab, and he needs to be incarcerated and get that rehab.

The jury recommended a sentence of six years in the Arkansas Division of Correction on the methamphetamine-possession conviction and six years' probation on the possession-

4

of-drug-paraphernalia conviction. The judge sentenced Parnell accordingly, ordering that the prison time and probation run concurrently. Parnell timely appealed.

## I. *Motion for Mistrial*

Parnell asserts that the circuit court erred by denying his motion for a mistrial during the State's opening statement when the prosecutor remarked that the arresting officers discovered Parnell had outstanding warrants. We disagree that this reference by the State dictated that the court order a mistrial.

We have previously explained that a mistrial is an extreme remedy:

> Turning our attention to the mistrial motions, it is well settled that a mistrial is a drastic remedy that only should be used when there has been an error so prejudicial that justice cannot be served by continuing the trial or when the fundamental fairness of the trial itself has been manifestly affected. *Barr v. State*, 336 Ark. 220, 984 S.W.2d 792 (1999). The circuit court is in the best position to decide the issue of prejudice because of its first-hand observation. *Id.* The circuit court has wide discretion in granting or denying a motion for a mistrial, and absent an abuse of that discretion, the circuit court's decision to deny a motion for a mistrial will not be disturbed. *Id.*

*Marbley v. State*, 2019 Ark. App. 583, at 6, 590 S.W.3d 793, 797–98. Analyzing the present case through this lens, we do not find that the circuit court abused its discretion in denying the drastic remedy of a mistrial.

We disagree with Parnell's argument that "[b]ut for the erroneous admission of this evidence, there exists a reasonable probability of acquittal or a lesser sentence." It is not likely that "but for" the comment on outstanding warrants, Parnell could have been acquitted or received a lesser sentence. The evidence of possession of both methamphetamine and drug paraphernalia was overwhelming and virtually unchallenged during the guilt phase of the

5

trial. During the sentencing phase of trial, evidence of Parnell's prior conviction was presented to the jury by his own counsel. Clearly, the State's comment was not an error so prejudicial that justice could not be served by continuing the trial. *Marbley*, *supra*.

Even if the State's comment on outstanding warrants was improper, the circuit court instructed the jury to disregard the last part of the prosecuting attorney's opening remarks. It is well established that "even where a remark is improper, the trial court may deny the mistrial motion and cure any prejudice by admonishing the jury to disregard the remark." *Green v. State*, 2013 Ark. 497, at 32, 430 S.W.3d 729, 750 (citations omitted).

Under these facts we cannot say that Parnell was prejudiced by the State's comment in its opening statement. Even if the comment was prejudicial, any prejudice was cured by the court's admonition to the jury. We find no error in the circuit court's denial of the motion for mistrial.

## II. *Objection During Opening Statement*

Parnell argues that the circuit court erred by allowing the prosecuting attorney to comment in opening statement that the officers' search of Parnell subsequent to his arrest was lawful. Parnell's trial attorney stipulated that the stop was lawful and did not file a motion to suppress. Parnell's argument is that the State should not have stated that the search was lawful because such lawfulness was not an issue in the case, and there was no evidence as to the legality of the search. He argues that this statement served to bolster the prosecution's case, leaving the jury with "the impression that everything law enforcement

6

did was lawful and therefore everything they testified to was true" and, thus, the circuit court abused its discretion in overruling his objection. We disagree.

"A circuit court has very broad discretion in supervising and controlling the arguments of counsel, and its ruling is not subject to reversal unless there is a manifest, gross abuse of discretion or the matter complained of is a statement of the attorney's opinion made only to arouse the passion and prejudice of the jury." *Furlow v. State*, 2023 Ark. App. 192, at 13, 664 S.W.3d 457, 466. We will not reverse the action of a circuit court in matters pertaining to the propriety of arguments of counsel in the absence of manifest abuse of discretion. *Id*. This is true whether it is opening statements or closing arguments under discussion. *See Davis v. State*, 314 Ark. 257, 863 S.W.2d 259 (1993). Even in cases of slight error, we affirm if the error is harmless. *Lawson v. State*, 2024 Ark. 143, 697 S.W.3d 529.

The legality of the search was not in issue in this case, and under the circumstances and evidence, it is difficult if not impossible to envision how allowing the comment that the search was legal somehow enhanced the arresting officer's testimony. Although Parnell argues there was no evidence of the legality of the search, in fact, Officer Jewell testified without objection that he searched Parnell incident to the arrest as he was trained to do and as is routine. The facts surrounding the search and the product of the search were never in dispute. The evidence overwhelmingly supported the guilty verdict. Even if the circuit court erred in allowing the reference to the legality of the search, which we do not hold that it did, such error was harmless and thus not a basis for reversal. *See Lawson*, 2024 Ark. 143, at 5,

7

697 S.W.3d at 532 ("Harmless error exists when the evidence of guilt is overwhelming, and the error is slight.").

III. *Objection During Closing Argument*

Parnell argues that the circuit court abused its discretion by allowing the State "to lie to the jury that Parnell had failed while on probation" during its sentencing phase closing argument. We disagree and hold that the circuit court did not abuse its discretion.

It was during the sentencing phase in its rebuttal closing argument that the State made the statement of which Parnell complains. Parnell asserts the circuit court erred when it overruled his objection to the State's comment that Parnell had "been given an opportunity already. He offends, a year later, he's caught again, for the same thing." Parnell's attorney objected, asserting that the State's comment was not true and that Parnell had not violated the conditions of his probation. In overruling the objection, the circuit court stated that it understood the State's argument to be that Parnell was already in trouble for the first offense and committed the second offense within a short period of time.

The State continued, stating that probation previously had not worked. Again, Parnell's counsel objected to the statement. The court did not rule on Parnell's objection; rather, it offered to instruct the jury and asked what instruction to use. The prosecutor offered to tell the jury himself that Parnell had not offended while on probation. Parnell's counsel did not object to this approach. When the bench conference ended, the prosecutor stated to the jury, "He's been on probation for this during this timeframe, when he was sentenced. And he's not offended. Those are the facts."

8

In addition to the fact that the court did not overrule Parnell's counsel's objection, the State cured its misstatement, as acknowledged by Parnell. Parnell's counsel did not object or request further action by the circuit court. Parnell argues that the last thing the jury heard before deliberating on his sentence was a misleading comment. However, immediately before the State's rebuttal, Parnell's attorney addressed the fact that Parnell had been incarcerated since his previous conviction and had not had the opportunity to prove he could follow the rules. The State then reiterated that Parnell had not offended since his recent conviction. Under these circumstances we fail to see how the jury was misled.

We are not persuaded by *Hall v. State*, 2018 Ark. App. 474, 561 S.W.3d 333, cited by Parnell. *Hall* involved statements made by the prosecutor while cross-examining the defendant regarding his failure to appear for trial on the offense for which he currently was standing trial. The court of appeals found the prosecutor's statements were deliberately misleading, rather than inadvertent; the statements were not made to elicit testimony; rather, they amounted to testimony by the prosecutor, and they were made to induce a prejudicial response. The present case concerns closing argument and what appears to be an inadvertent statement by the prosecutor, which Parnell's trial counsel had previously explained and which the prosecutor then clarified.

It is well settled that the court has broad discretion in managing closing arguments. As stated by the court in *Mills v. State*:

> We have held that the trial court is given broad discretion to control counsel in closing arguments, and this court does not interfere with that discretion absent a manifest abuse of it. *Wetherington v. State*, 319 Ark. 37, 889

9

S.W.2d 34 (1994); *Littlepage v. State*, 314 Ark. 361, 863 S.W.2d 276 (1993). Indeed, remarks made during closing arguments that require reversal are rare and require an appeal to the jurors' passions. *Wetherington v. State*, *supra*; *Neff v. State*, 287 Ark. 88, 696 S.W.2d 736 (1985). It does not appear that any such appeal for an emotional or passionate response was made in this case. Further, it is difficult to fathom how the prosecutor's remarks in any way prejudiced Mills's case. And, lastly, defense counsel made no request for relief following his objection.

322 Ark. 647, 663, 910 S.W.2d 682, 691 (1995). The case before us is not one of those rare occasions in which remarks by counsel during closing arguments require reversal.

Affirmed.

HARRISON and THYER, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.