Cite as 2026 Ark. App. 292

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CR-25-183

| | |
|---|---|
| JERMAINE LAWSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered May 13, 2026<br><br>APPEAL FROM THE CLARK COUNTY CIRCUIT COURT<br>[NO. 10CR-21-15]<br><br>HONORABLE BLAKE BATSON, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

A Clark County Circuit Court jury convicted Jermaine Lawson ("Lawson") of possession of a firearm by certain persons, simultaneous possession of drugs and firearms, possession of a controlled substance (methamphetamine), possession of a controlled substance (cocaine), fleeing, and possession of a controlled substance (marijuana). He was sentenced as a habitual offender to a total of 780 months in the Arkansas Division of Correction, and his convictions were affirmed by the Arkansas Supreme Court on appeal.[1] This appeal stems from the circuit court's denial of Lawson's subsequent Rule 37 petition for postconviction relief. We affirm.

---

[1]We certified this case to the Arkansas Supreme Court according to Rule 1-2(a)(7) of the Rules of the Arkansas Supreme Court because it is a second or subsequent appeal. However, the supreme court declined to accept jurisdiction and remanded the case, without opinion, to this court for decision.

## I. *Background*

On January 27, 2021, the State charged Lawson with a number of drug and firearm offenses. The charges arose from a January 12, 2021 traffic stop. On August 23, 2022, the court held a jury trial. Lawson was represented by Ronald L. Davis and Cara Boyd Connors at trial. The State presented evidence that an officer initiated a traffic stop on Lawson for driving 85 miles an hour in a 25-mile-an-hour zone. The officer testified that after he activated his lights, Lawson escalated to speeds of 110 to 115 miles an hour. Lawson drove for three miles before stopping, at which point the officer arrested Lawson. During a search, the officer discovered a loaded handgun in Lawson's waistband, and he found a bag of cocaine, a bag of methamphetamine, and a bag of marijuana in his pants. Another officer who interviewed Lawson following his arrest testified that Lawson admitted he should not have had a firearm. A chemist with the Arkansas State Crime Laboratory testified that the bags found on Lawson contained 6.0433 grams of cocaine; 3.5782 grams of methamphetamine; and 6.106 grams of marijuana. Lawson was convicted of five felonies arising out of this instance: simultaneous possession of drugs and a firearm, possession of a controlled substance (methamphetamine), possession of a controlled substance (cocaine), possession of firearms by certain persons ("felon in possession of a firearm"), and fleeing. He was also convicted of misdemeanor marijuana possession.

Lawson filed a direct appeal challenging his convictions. On direct appeal, the sole issue was whether the circuit court abused its discretion by admitting certified copies of Lawson's prior convictions. *Lawson v. State*, 2024 Ark. App. 91, at 4, 684 S.W.3d 917, 920,

2

*review granted* (Apr. 18, 2024), *vacated*, 2024 Ark. 143, 697 S.W.3d 529 (2024). This court originally reversed and remanded the case, finding that the circuit court had abused its discretion pursuant to the holding in *Old Chief v. United States*, 519 U.S. 172 (1997). The Arkansas Supreme Court then granted review of the case and vacated this court's opinion, holding that the error was harmless and affirming Lawson's convictions. *Lawson v. State*, 2024 Ark. 143, at 1, 697 S.W.3d 529, 530.

Thereafter, Lawson filed a timely postconviction petition pursuant to Arkansas Rule of Criminal Procedure 37.1. In his petition, Lawson argued that his trial counsel was ineffective for (1) failing to inform the jury that a suppression motion had been denied before trial; (2) failing to object despite the prosecutors' "continuously" leading witnesses on direct examination; (3) failing to object to the sufficiency of the testimonial evidence in contrast to the photographs admitted into evidence; (4) failing to effectively argue the burden of proof; (5) failing to perform a background check; and (6) failing to object to the charge of felony fleeing. Lawson also argued that his trial counsel and appellate counsel were ineffective for being unprofessional in their "exchange" and that his appellate counsel was ineffective in determining the strategy of the appeal. The circuit court denied Lawson's petition without a hearing. Lawson now challenges the denial of relief.

## II. *Standard of Review*

We do not reverse a denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Reed v. State*, 2011 Ark. 115 (per curiam). A finding is clearly erroneous

3

when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

The benchmark question to be resolved in judging a claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Norris v. State*, 2013 Ark. 205, 427 S.W.3d 626 (per curiam). We assess the effectiveness of counsel under a two-prong standard as set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984); *Lowe v. State*, 2012 Ark. 185, 423 S.W.3d 6 (per curiam). Under the *Strickland* test, a claimant must show that counsel's performance was deficient, and the claimant must also show that the deficient performance prejudiced the defense to the extent that the appellant was deprived of a fair trial. *Id.* A claimant must satisfy both prongs of the test, and it is unnecessary to examine both components of the inquiry if the petitioner fails to satisfy either requirement. *See Pennington v. State*, 2013 Ark. 39, at 3 (per curiam).

A petitioner claiming ineffective assistance must first show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the petitioner by the Sixth Amendment to the United States Constitution. *Walton v. State*, 2013 Ark. 254 (per curiam). There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when

4

viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Id.*

In order to meet the second prong of the test, a claimant must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Delamar v. State*, 2011 Ark. 87 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

A petitioner bears the burden of providing sufficient facts to affirmatively support any claims of ineffective assistance of counsel. *See, e.g.*, *Smith v. State*, 2010 Ark. 137, at 12, 361 S.W.3d 840, 848 (per curiam). Thus, conclusory statements, without more, cannot form the basis of postconviction relief. *Id.*; *Hooks v. State*, 2015 Ark. 258, at 7–8, 465 S.W.3d 416, 421 (per curiam) ("Neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel is effective and cannot provide a basis for postconviction relief.").

On appeal, Lawson lists the same grounds he did in the circuit court; however, he seeks to expand his argument with more factual support. An appellant in a Rule 37.1 proceeding is limited to the scope and nature of his arguments below, and he cannot raise new arguments on appeal. *Hogan v. State*, 2013 Ark. 223 (per curiam). Accordingly, we limit our review of Lawson's arguments to those that were before the circuit court.

### III. *Failure to Inform the Jury that the Motion to Suppress Was Denied*

Lawson's first claim is that his counsel were ineffective because they failed to inform the jury that his motion to suppress was denied in a pretrial hearing. Lawson does not state

how he was prejudiced by this decision, nor does he present any argument that this decision did not fall within the sound discretion of counsel to determine their trial strategy. Accordingly, the circuit court did not err when it denied relief as to this claim.

IV. *Failure to Object to Leading Questions*

Lawson next argues that his trial counsel were ineffective for failure to object to the prosecutors' "continuously" leading witnesses on direct examination. Specifically, Lawson argues that the failure of counsel to object "obviously enhance[d] the jury decision of guilt." The record, however, belies Lawson's claim. The trial transcript shows that his counsel repeatedly objected to the State's leading questions. Lawson fails to articulate how a lack of additional objections prejudiced him. Lawson further fails to develop how trial counsel's decision fell outside the realm of professional judgment. *See Sims v. State*, 2015 Ark. 363, 472 S.W.3d 107; *Chandler v. State*, 2025 Ark. App. 566, at 12, 725 S.W.3d 822, 833. Accordingly, the circuit court did not err when it denied relief as to this claim.

V. *Failure to Object to the Sufficiency of the Evidence*

Lawson's third claim is that the performance of trial counsel was deficient because counsel failed to object to the sufficiency of the evidence. He claims the witnesses' testimony did not match the photographs admitted into evidence. Specifically, Lawson appears to argue that the photographs were "staged" to make him look guilty. Lawson, however, failed to state which testimony and/or which photographs failed to "match up."

It is well established that a petitioner who raises a failure-to-object argument in a Rule 37 petition must show that there was a basis for a meritorious objection because failure to

6

make a meritless objection is not ineffective assistance of counsel. *See Dennis v. State*, 2020 Ark. 28, 592 S.W.3d 646.

With the information before the circuit court, it is impossible to determine if counsel's objections would have been meritorious. Accordingly, the circuit court did not err by denying relief on this ground.

## VI. *Failure to Argue Burden of Proof*

Lawson alleges that his counsel was ineffective for failing to effectively argue the State's burden of proof. Again, Lawson made this claim without any factual or legal support. Lawson did not argue how his counsel's performance prejudiced him nor did he articulate how his counsel should have argued the burden of proof. Accordingly, the circuit court did not err when it denied relief as to this claim.

## VII. *Failure to Perform a Background Check*

Lawson next argues that his trial counsel were ineffective for failing to conduct a background check on Drug Task Force Officer Roy Bethal. Lawson did not include the background check with his petition nor did he argue how counsel's failure to obtain the background check prejudiced him. Lawson argued, in part, that Officer Bethal was responsible for the "staged" photographs, but once again, Lawson failed to articulate which photographs were staged and how the background check mattered. Furthermore, Lawson failed to state how the performance of his counsel was outside the realm of professional judgment. Accordingly, the circuit court did not err when it denied relief as to this claim.

VIII. *Failure to Object to the Charge of Felony Fleeing*

Lawson argues that his trial counsel were ineffective for failing to object to the charge of felony fleeing. Once again, Lawson does not provide any argument for how this failure prejudiced him nor does he allege that this matter falls outside of counsel's professional judgment. The trial transcript also belies Lawson's allegation. Trial counsel moved for a directed verdict on the charge of felony fleeing, arguing:

> In regards to Count 5, the fleeing, I believe that the ~ in the light most favorable to the State, that they have not met their burden of proof in regards to whether he knowingly fled from law enforcement, and knowing that his ~ or that his immediate arrest or detention was imminent at the time of his flight.
>
> And, so, there's been no testimony that he knew that the officer was behind him at the time, whether the distance between where he stopped and where he was engaged, if he felt that he was going to be arrested or detained. And I don't think that they've met their burden of proof in regards to that.
>
> It sounds like he stopped at some point, and that he was cooperative from there on. So I would ask that the Court move to dismiss that.

Accordingly, trial counsel did move to dismiss the charge of felony fleeing. Lawson has failed to articulate how counsel's failure to do more prejudiced him in any way. Accordingly, the circuit court did not err when it denied relief as to this claim.

IX. *Trial Counsel's and Appellate Counsel's Failure to Communicate*

Lawson's final arguments are that his trial counsel and appellate counsel were ineffective and unprofessional in their exchanges with him; and his appellate counsel was ineffective in determining the strategy of the appeal without Lawson's input. Specifically, Lawson argued the following:

Lawson claims that trial counsel and appellant counsel exchange in Lawson's being counseled was not professional to Lawson's knowledge of what documents were exchanged. Lawson claims that all errors of ineffective assistance of trial counsel can not be determined because Lawson never viewed the transcript of his trial because appeal counsel, Ms. Deborah Reece Johnson, fail to meet with Lawson to discuss if Lawson was satisfied with the transcript recorded and printed by the State to be accurate with the facts.

Lawson claims that appeal counsel for Lawson's direct appeal failed to consult Lawson's strategy to conduct an appeal.

Lawson claims that appeal counsel fail to be effective in counsel by using her own strategy to conduct Lawson's appeal without informing Lawson what would be filed and when it would be filed. Lawson also was abandon by counsel (appeal) at the important stage of appeal to make Lawson's outcome to be prejudiced to the decision found as overwhelming guilty of evidence.

Lawson claims that ineffective assistance of appeal counsel was prejudice when Lawson appeal counsel withheld document of supplement briefings by the State in petition to the decision that the Arkansas Court of Appeals had reversed and remanded all of Lawson's convictions for the prosecution reading Lawson's prior convictions to the jury after being objected by trial counsel.

Lawson claims that appeal counsel withheld deadlines to when Lawson's direct appeal review by the Arkansas Supreme Court decision was to be final. That information was prejudice to Lawson bringing forth deficient conduct of appeal counsel at an earlier date.

As for whether there was an unprofessional "exchange" between trial and appellate counsel, the circuit court was left without any basis or explanation for this claim. Lawson failed to state what the exchange was and how it was outside the professional norms for counsel. Accordingly, this claim was properly denied. *See, e.g.*, *Smith*, 2010 Ark. 137, at 12, 361 S.W.3d at 848.

Furthermore, as to appellate counsel's strategy on appeal, the circuit court correctly held that Lawson "failed to state what objections were made at trial and were properly preserved that could have been raised on appeal and were not." While Lawson lists the various claims he would have brought on appeal, none of them are preserved for our review. Thus, Lawson did not suffer any prejudice from appellate counsel's failure to include them. Accordingly, the circuit court did not err when it denied relief as to this claim.

X. *Conclusion*

For the above-stated reasons, we affirm the circuit court's denial of Lawson's postconviction petition.

Affirmed.

HIXSON and MURPHY, JJ., agree.

*Jermaine Lawson*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.